UNITED STATES, Appellee,

v.

Robert D. WILSON, Sergeant
U.S. Army, Appellant.

No. 67,176.
CM 9002702.

U.S. Court of Military Appeals.

Argued April 8, 1992.

Decided Sept. 30, 1992.

For Appellant: *Captain Robert Lane Carey* (argued); *Lieutenant Colonel James H. Weise, Captain Robert N. Swope, Captain Michael W. Meier* (on brief).

For Appellee: *Major Edith M. Rob* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Daniel J. Dell'Orto, Major*

*Joseph C. Swetnam* (on brief); *Captain Joel J. Berner.*

## Opinion of the Court

COX, Judge.

Two issues are presented for this Court's decision. The first issue is whether the military judge erred in failing to rule *sua sponte* that charges of committing an indecent act and carnal knowledge were "multiplicious for sentencing purposes." We hold that the military judge did not err in failing to so rule. The second issue is whether the victim-impact testimony offered on sentencing by a family member was proper. We hold that it was. *Payne v. Tennessee,* 501 U.S. ——, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991).

### I

Appellant was charged with carnal knowledge with C and committing "an indecent act with [C], by engaging in ... sexual intercourse in the presence of [D]," violations of Articles 120 and 134, Uniform Code of Military Justice, 10 USC §§ 920 and 934, respectively. There is no question before us as to whether these offenses are separate for findings purposes. The charges arose from an episode involving appellant, another serviceman (SGT Meadows), and two young girls, ages 13[C] and 14[D]. The evidence indicated a bout of group sex at Meadows' quarters: appellant with C and the other serviceman with D. The testimony established that the acts occurred in the same room, in plain view of all participants.[1]

At trial by military judge alone,[2] appellant pleaded guilty to carnal knowledge, but he contested the charge of committing an indecent act. The carnal knowledge charge carried a maximum confinement of 15 years, and the maximum confinement for committing indecent acts was 5 years. Paras. 45(e)(2) and 90(e), Part IV, Manual

for Courts–Martial, United States, 1984. Appellant had a pretrial agreement which limited sentence to confinement to 24 months. The military judge sentenced appellant to a dishonorable discharge, confinement for 3 years, forfeiture of all pay, and reduction to Private (E–1). Pursuant to the agreement, the convening authority reduced the confinement to 2 years; otherwise, he approved the sentence. There was no mention of "multiplicity," either for findings or sentencing purposes, at the court-martial.

On appeal, appellant claims for the first time that he was prejudiced by the military judge's failure to declare *sua sponte* that the crimes were "multiplicious for sentencing purposes." In other words, he contends that, before arriving at his confinement conclusion of 3 years, the judge should have mentally regarded the maximum confinement at 15 years, rather than 20. Further, appellant contends that he is entitled to this consideration because both charges sprang from one impulse—one act. Therefore, he asks this Court to set aside the sentence and to order a new sentencing hearing. This we decline to do.

### II

■ Regarding "sentence multiplicity," it is not at all clear what figure the military judge started from. Obviously, with a guarantee of 2 years' maximum confinement in their pocket, it hardly mattered to the defense which of the two ceilings the judge chose, and defense waiver springs immediately to mind. RCM 905(e), Manual, *supra.* Second, for appellant to obtain any relief, we would have to conclude that there was a reasonable possibility he was prejudiced as to sentence by this alleged miscalculation. Art. 59(a), UCMJ, 10 USC § 859(a). On this record, we can

---

1. The briefs before this Court and our review of the record reveal differing stories. Our decision rests upon the factfinder's conclusion that appellant did have sex with one teenager (C) while the other (D) was present in the room. Unpub. op. at 2. Such was the basis of appellant's conviction.

2. Judge Thwing arraigned the accused, while Judge Jacobsen conducted the trial. Judge Thwing authenticated record of trial pages 1 through 11; Judge Jacobsen authenticated pages 12 through 146. (R.12–13)

imagine no such possibility. For both of these reasons, we conclude that appellant is entitled to no sentence relief as a result of the military judge's failure to announce a position on "multiplicity for sentencing purposes." [3]

**3.** Judge Cox, joined by Judge Crawford, would go further and hold that these offenses were not multiplicious as a matter of law. Their reasoning is as follows:

Congress delegated to the President the duty to establish, *inter alia,* rules of procedure for courts-martial and sentence limits. Arts. 36(a) (1979) and 56, Uniform Code of Military Justice, 10 USC §§ 836(a) and 856, respectively. The President, in Manual for Courts–Martial, United States, 1984, established:

Charges and specifications alleging all known offenses by an accused may be preferred at the same time. Each specification shall state only one offense.

RCM 307(c)(4).

In addition, the President established:

When the accused is found guilty of two or more offenses, *the maximum authorized punishment may be imposed for each separate offense.* Except as provided in paragraph 5 of Part IV [Conspiracy], offenses are not separate if each does not require proof of an element not required to prove the other. If the offenses are not separate, the maximum punishment for those offenses shall be the maximum authorized punishment for the offense carrying the greatest maximum punishment.

RCM 1003(c)(1)(C) (emphasis added).

There endeth Presidential edict on the subject of "multiplicity."

Courts, of course, must first look to congressional intent in determining whether offenses may be separately punished. Where congressional intent is unstated, the Supreme Court

has consistently relied on the test of statutory construction stated in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), to determine whether Congress intended the same conduct to be punishable under two criminal provisions. The appropriate inquiry under *Blockburger* is "whether each provision requires proof of a fact which the other does not."

*Ball v. United States,* 470 U.S. 856, 861, 105 S.Ct. 1668, 1671, 84 L.Ed.2d 740 (1985).

In the military, however, unlike most civilian jurisdictions, separate and discrete sentences are not adjudged for each offense. Thus there is never occasion for a judge to decide whether sentences should run concurrently or consecutively. Rather, the military judge calculates the cumulative maximum confinement, and the sentencing authority selects a single confinement duration, if any, within that limit. *See* RCM 1005(e)(1).

With these precepts in mind, we turn to the offenses of which appellant stands convicted. The elements that make up the offense of carnal knowledge are:

(a) That the accused committed an act of sexual intercourse with a certain female;
(b) That the female was not the accused's wife; and,
(c) That at the time of the sexual intercourse the female was under 16 years of age.

Art. 120, UCMJ, 10 USC § 920; para. 45(b)(2), Part IV, Manual, *supra.*

The elements that make up the offense of committing an indecent act are:

(1) That the accused committed a certain wrongful act with a certain person;
(2) That the act was indecent; and,
(3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Art. 134, UCMJ, 10 USC § 934; para. 90(b), Part IV, Manual, *supra.*

In order to sustain a *cumulative*-sentence ceiling for these offenses, it must appear that "each provision requires proof of a fact which the other does not." *E.g., Ball v. United States, supra* at 861, 105 S.Ct. at 1671–72; *United States v. Woodward,* 469 U.S. 105, 107, 105 S.Ct. 611, 612, 83 L.Ed.2d 518 (1985); *Albernaz v. United States,* 450 U.S. 333, 337, 101 S.Ct. 1137, 1141, 67 L.Ed.2d 275 (1981); *Whalen v. United States,* 445 U.S. 684, 691–92, 100 S.Ct. 1432, 1437, 63 L.Ed.2d 715 (1980). It requires little imagination to see that, for the offense of carnal knowledge, the minority of the sex partner is the very essence of the offense. An allegation of minority, in contrast, is unnecessary to the offense of committing an indecent act, such as was alleged in the specification before us. (However, if the same minor had been the "victim" of each charge, a different result might follow. *See* para. 87b and e, Part IV, Manual, *supra. But cf.* Annotation, *Single Act Affecting Multiple Victims As Constituting Multiple Assaults or Homicides,* 8 A.L.R. 4th 960 (1981).)

Similarly, the essence of an indecent act is the indecency of the act itself. An element of indecency, however, is unnecessary to the offense of carnal knowledge. To be sure, we have long held that a mere act of sexual intercourse between consenting adults is not a crime, not indecent, under the Uniform Code of Military Justice. Sexual intercourse, however, can be indecent if "committed under ... conditions of publicity or scandal." *United States v. Snyder,* 1 USCMA 423, 427, 4 CMR 15, 19 (1952). *See United States v. King,* 34 MJ 95 (CMA 1992). It was just so in appellant's case, where the indecency was established by the open and notorious group sex experienced by the participants. In addition, the Government was required to prove that the act, under the circumstances, was prejudicial to good order and discipline or service discrediting. Here, both of the "victims"

## III

■ At the sentencing phase of the court-martial, testimony was heard from the father of one of the girls (D) involved in the episode. He told the members of his family's frantic search for his daughter on the night of the incident and of their distress.[4] At issue is whether the father's testimony was admissible as prosecution evidence in aggravation of sentence. We conclude that it was. *United States v. Fontenot*, 29 MJ 244 (CMA 1989); *United States v. Pearson*, 17 MJ 149 (CMA 1984); RCM 1001(b)(4).

Under the Manual for Courts–Martial, the prosecution, at sentencing,

> may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty.

RCM 1001(b)(4). Permitting evidence of the harm inflicted on the victim's family is an acknowledgement that crime impacts society.[5] Such evidence allows the sentencing authority to understand "the full measure of loss suffered by all of the victims, including the family and the close community." *United States v. Pearson*, 17 MJ at 153; *see United States v. Fontenot*, 29 MJ at 251 (rape victim's father permitted to

describe events surrounding rape and impact on victim and other family members).

Our holdings in this area are consistent with the recent Supreme Court decision in *Payne v. Tennessee, supra* (victim-impact evidence admissible in capital cases).[6] Writing for the majority, Chief Justice Rehnquist wrote that "the assessment of harm caused by" criminal conduct is "an important concern of the criminal law, both" to determine "the elements of the offense and ... the appropriate punishment," — U.S. at ——, 111 S.Ct. at 2605, as well as to further the exercise of sentencing discretion. *Id.* — U.S. at ——, 111 S.Ct. at 2606.

Appellant concedes that "evidence which directly has an impact on the victim or the victim's family may be introduced into evidence during the presentencing phase of the trial." Final Brief at 9. Appellant disputes, however, that D was "a victim." Thus he argues that the testimony was not "victim-impact" testimony. *Id.* at 10. We disagree.

■ First, appellant has the syllogism reversed. "Victim-impact" evidence is admissible if it qualifies as an "aggravating circumstance[ ] directly relating to or resulting from the offenses...." RCM 1001(b)(4). It is not that evidence of aggra-

---

were daughters of other servicemembers—*q.e.d.* See also *United States v. Solorio*, 21 MJ 251, 254 (CMA 1986), *affd. on other grounds*, 483 U.S. 435, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987).

Thus there are necessary facts or elements in each offense that are not present in the other offense. Under the circumstances of this case, there was no obstacle to treating these offenses as separate for all purposes. Nonetheless, in his discretion, the military judge might have elected to *treat* these offenses as though they were one, for sentencing purposes—if he concluded that justice required it. See *United States v. Beaudin*, 35 MJ 385, 388 (CMA 1992) (Cox, J., concurring in the result). Thus he might have opted to commence from a *combined* sentence ceiling. As indicated, it cannot be determined from the record what the judge viewed as the appropriate sentence ceiling. Even if he considered these as separate for sentencing purposes, we would find no abuse of discretion in that conclusion.

4. After the sex had occurred, but while the girls were still in SGT Meadows' quarters, appellant

approached his car to move it. At the car, he encountered members of both of the girls' families who were searching for them. They had observed what appeared to be articles belonging to one of the girls in appellant's car. He denied to them that he knew the girls or had any idea where they might be.

5. Such evidence, however, must not be unduly inflammatory and must exhibit a probative value outweighing any prejudicial impact. Mil. R.Evid. 403, Manual, *supra; United States v. Pearson*, 17 MJ 149, 152, 153 (CMA 1984), *citing* S.Rep.No. 532, 97th Cong., 2d Sess. 13, *reprinted in* 1982 U.S.Code Cong. & Ad.News 2515, 2519.

6. It should be noted that *Booth v. Maryland*, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), discussed in *United States v. Fontenot*, 29 MJ 244, 251 (CMA 1989), was overruled by *Payne v. Tennessee*, 501 U.S. ——, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991). Victim-impact testimony is now permitted in capital cases.

vating circumstances is admissible if it qualifies as "victim-impact" evidence. The test remains the Manual, not certain factual subsets that happen to satisfy the Manual. We hold that the impact on this girl (D)'s family satisfies the requirements of RCM 1001(b)(4) whether the girl (D) "qualifies" as a victim.

Second, we have no doubt that the girl (D) was a victim as a matter of law; it would appear that Congress has resolved that question. See Art. 120(b). Third, in this instance it happens that the witness was the father of the girl who did not have sex with appellant, but who observed appellant and the other minor having sex. Thus the witness' daughter was the girl who had appellant's indecent act performed in front of her.

We conclude that the testimony of D's father falls within the accepted standards discussed in *Pearson* and *Fontenot,* and the recent guidance offered in *Payne* by the Supreme Court. The testimony merely consisted of a father describing the events of the evening and the corresponding family anxiety.

Accordingly, we find no errors which materially prejudice a substantial right of appellant.

The decision of the United States Army Court of Military Review is affirmed.

Judge CRAWFORD concurs and Judge GIERKE concurs (except for n.3).

SULLIVAN, Chief Judge (concurring in part and in the result):

The two specifications which the defense now asserts are multiplicious for sentencing allege:

CHARGE: I VIOLATION OF THE UCMJ, ARTICLE 120

SPECIFICATION: In that [appellant] did, at Wiesbaden, Federal Republic of Germany, on or about 14 June 1990, commit the offense of carnal knowledge with [C].

CHARGE II: VIOLATION OF THE UCMJ, ARTICLE 134

\*   \*   \*

SPECIFICATION 2: In that [appellant] did, at Wiesbaden, Federal Republic of Germany, on or about 14 June 1990, wrongfully commit an indecent act with [CW], by engaging in the act of sexual intercourse in the presence of [D].

However, appellant did not make this objection at trial[*]; accordingly, I would find waiver. See United States v. Flynn, 28 MJ 218, 221 (CMA 1989); United States v. Jones, 23 MJ 301, 303 (CMA 1987); see also United States v. Traeder, 32 MJ 455, 457 (CMA 1991).

WISS, Judge (concurring in part and in the result):

As the majority notes, no one at trial mentioned any concern regarding multiplicity for sentencing. See RCM 906(b)(12), Manual for Courts–Martial, United States, 1984. Appellant's failure to make an appropriate motion at trial in this regard waived any appellate complaint that he might have had. See RCM 905(e).

Accordingly, because there is no need to do so, I do not consider the merits of appellant's argument that the two offenses here in question were multiplicious for sentencing. See United States v. Flynn, 28 MJ 218, 221 (CMA 1989). Although footnote 3 of the majority opinion that *does* address that argument acknowledges that the views there are those of only two of the Judges of this Court, I write to expressly make clear that I do not join those views.

[*] Upon defense motion, a third charge of adultery was dismissed as being multiplicious for findings with the carnal-knowledge charge.