**UNITED STATES, Appellee,**

v.

**Matthew I. BOYLE, Jr., Captain U.S. Marine Corps, Appellant.**

**No. 67,337.**
**NMCM 90 1755.**

U.S. Court of Military Appeals.

Argued Oct. 1, 1992.

Decided March 11, 1993.

For Appellant: *Lieutenant Franklin J. Foil*, JAGC USNR (argued); *Lieutenant Mary Anne Razim–Fitzsimons*, JAGC, USNR (on brief).

For Appellee: *Lieutenant Scott A. Browne*, JAGC, USNR (argued); *Colonel T.G. Hess*, USMC and *Lieutenant Commander J. Richard Chema*, JAGC, USN (on brief).

*Opinion of the Court*

WISS, Judge:

A general court-martial composed of members convicted appellant, contrary to his pleas, of 4 specifications of conduct unbecoming an officer by wrongfully engaging in sexual intercourse with an enlisted woman who was not his wife and a single specification of making a false sworn statement to law enforcement investigators. *See* Arts. 133 and 134, Uniform Code of Military Justice, 10 USC §§ 933 and 934, respectively. The members sentenced appellant to dismissal from the Marine Corps, confinement for 90 days, and total forfeitures. The convening authority approved these results, and the Court of Military Review affirmed without opinion.

On appellant's petition, this Court granted review of his question of law asking "[w]hether an officer accused of wrongfully having sexual relations with one enlisted woman, on four separate occasions, may be appropriately charged with, and convicted of, four separate specifications of violating Article 133." In his final brief, appellant primarily relies upon *United States v. Appel*, 31 MJ 314 (CMA 1990), and *United States v. Wales*, 31 MJ 301 (CMA 1990), to support his position. Based upon the Government's concession that, under the circumstances of this case and in light of the posture in which this case has reached this Court, the four specifications of conduct unbecoming an officer should be consolidated into one, we will so order.

The facts giving rise to appellant's court-martial are rather unnoteworthy. Appellant, who was married, met Private First Class Sherry Jones in the fall of 1988. Their relationship evolved into a sexual one in February 1989, and this physical aspect of their relationship continued until June of that year. When appellant was interrogated about his involvement with PFC Jones, he lied under oath and denied any social relationship with her.

All this gave rise to the following criminal charges: 1) four specifications alleging adultery with PFC Jones—at the Bachelor Officer's Quarters on March 15; at the Enlisted Barracks from March 16 until May 31; during the same time in a local civilian community; and again during the same time in another nearby civilian community; 2) four other specifications alleging that, on the same four occasions and locations, he engaged in conduct unbecoming an officer by "wrongfully and dishonorably engag[ing] in sexual intercourse with Private Sherry R. Jones, U.S. Marine Corps, an enlisted Marine"; 3) one specification alleging the making of a false sworn statement denying this involvement with PFC Jones; and 4) one specification of fraternization by "engag[ing] in a romantic relationship"

with Private Jones from February until May 31, 1989, including "meeting ... and escorting her to various locations for personal, unofficial reasons."

On defense motion, the military judge consolidated[1] the four adultery specifications and the single fraternization specification into the four specifications of conduct unbecoming an officer. He did so by changing the "16 March" dates in three of the consolidated specifications to "February" and by inserting into each of them language indicating that appellant was "a married man" and that PFC Jones was "a woman not his wife."[2] *Compare United States v. Timberlake*, 18 MJ 371, 375–77 (CMA 1984), *with United States v. Appel*, *supra* at 322. Additionally, defense counsel moved to consolidate the second, third, and fourth consolidated specifications of conduct unbecoming an officer into the first such specification, contending that all four together merely constituted a single, continuing course of conduct with the same woman. On this motion, though, the military judge disagreed. He ruled: "I do not find a single transaction ... from which I could find that the Government had unreasonably or unnecessarily multiplied charges."

In this Court, appellant relies upon *United States v. Appel*, *supra* at 321, and urges that the same considerations at work there vis-a-vis Article 134 apply with equal force here in relation to Article 133. As mentioned earlier, the Government concedes that, in this case, the consolidation that appellant requests is appropriate, but it resists appellant's rationale that analogizes *Appel* to this case. Instead, the Government reasons that the third consolidated specification, as amended by the military

judge, now " 'fairly embraces' the conduct described in Specifications 1, 2, and 4," citing *United States v. Baker*, 14 MJ 361 (CMA 1983), and its progeny. "Accordingly, the Government makes the concession because of the way the charges were drafted, not because appellant is correct in his attempt to combine the fraternization with the adultery, conduct unbecoming, and multiplicity reasoning of this Court." Answer to Final Brief at 6–7.

Actually, the Government's concession that one of the remaining specifications " 'fairly embraces' " the other three is an understatement, since it is clear that, as modified by the military judge, that specification fully subsumes the other three. In any event, since the Government's concession—on whatever basis it is made—accomplishes the remedy as to findings that appellant seeks, we need not address the issues raised by the dispute between appellant's and the Government's rationale and the lead opinions in *United States v. Appel* and *United States v. Wales*, both *supra*, *see*, 36 MJ at 326. *Cf. Ex parte Nielsen*, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889); *Ex parte Snow*, 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658 (1887). As to appellant's sentence, we recognize that the military judge specifically instructed the members to treat all four conduct-unbecoming specifications as one for purposes of sentencing, so appellant was not prejudiced in that regard.

## DECISION

Specifications 1, 2, and 4 of Charge I are consolidated into specification 3 of that

---

1. We express no view on the correctness of the military judge's ruling in which he consolidated the adultery specifications into the conduct-unbecoming-an-officer specifications. We simply accept that ruling as the law of the case for purposes of this appeal. Regarding the proper procedure when consolidating specifications, *see United States v. Sorrell*, 23 MJ 122 n.1 (CMA 1986) (specification consolidated with another specification is "not dismissed").

2. As consolidated they read: "Specification 1: In that [appellant], a married man, did, at the Bachelor Officer's Quarters, Marine Corps Air Station, New River, Jacksonville, North Carolina, on or about 15 March 1989, while a commissioned officer in the U.S. Marine Corps,

wrongfully and dishonorably engage in sexual intercourse with Private Sherry R. Jones, U.S. Marine Corps, an enlisted Marine, a woman not his wife."

"Specifications 2–4: In that [appellant], a married man, did, at [location] during the period of about February 1989 until 31 May 1989, on numerous occasions, while a commissioned officer in the U.S. Marine Corps, wrongfully and dishonorably engage in a romantic relationship to include sexual intercourse with Private Sherry R. Jones, U.S. Marine Corps, an enlisted Marine, a woman not his wife."

The locations alleged were the Enlisted Barracks (spec. 2); Jacksonville, NC (spec. 3); and Topsail Beach, NC (spec. 4).

Charge and redesignated as the specification of Charge I, as follows:

In that Captain Matthew I. Boyle, Jr., U.S. Marine Corps Reserve, Personnel Support Detachment 29, Marine Aircraft Group 29, 2d Marine Aircraft Wing, Fleet Marine Force, Atlantic, Marine Corps Air Station, New River, Jacksonville, North Carolina, a married man, did, at Jacksonville, North Carolina during the period of about February 1989 until 31 May 1989, on numerous occasions, while a commissioned officer in the U.S. Marine Corps, wrongfully and dishonorably engage in a romantic relationship to include sexual intercourse at various locations in and around Jacksonville, North Carolina, including the Bachelor Officer's Quarters and the Enlisted Barracks, Building 4015, Marine Corps Air Station, New River, Jacksonville, North Carolina and Topsail Beach, North Carolina, with Private Sherry R. Jones, U.S. Marine Corps, an enlisted Marine, a woman not his wife.

The decision of the United States Navy–Marine Corps Court of Military Review as to the consolidated specification of Charge I; Charge II and its specification; and the sentence is affirmed.

Chief Judge SULLIVAN and Judge GIERKE concur.

COX, Judge (concurring):

I also am sympathetic to the position taken by Judge Crawford.

CRAWFORD, Judge (concurring in the result):

Because of the action of the military judge and the concession by the Government, I concur in the result. I consider language in the majority opinion beyond the judge's action and the government concession to be dictum. It is apparent that judges and counsel are confused by the multiplicity rules. This confusion has been demonstrated in a number of cases before this Court.[1] The dictum expressed by the majority opinion may not represent the opinion of this Court. *Cf. United States v. Wilson*, 35 MJ 473, 475 n. 3 (CMA 1992). While it was admirable for Judge Fletcher in *United States v. Baker*, 14 MJ 361 (CMA 1983),[2] to attempt to clarify multiplicity rules, in effect that decision created yet more confusing rules. This confusion is demonstrated by the recent 19–page chart in The Army Lawyer describing multiplicity in the military criminal law system.[3]

At an appropriate time this Court should reexamine *Baker*.

---

1. *United States v. Miller*, CM 9002880 (unpublished, Sept. 10, 1991)(accessory after the fact and conduct unbecoming consolidated into one offense); *United States v. Clark*, 32 MJ 606 (ACMR) (accused originally charged with rape and fraternization with NCO—fraternization charge was dismissed as multiplicious), *aff'd* 35 MJ 432 (CMA 1992); *United States v. Stinson*, 34 MJ 303 (CMA 1992) (record reflects that prior to prosecution case-in-chief, judge required Government to elect between premeditated murder and felony murder).

2. *Baker* was decided prior to RCM 307(c)(4) and RCM 1003(c)(1)(C), Manual for Courts–Martial, United States, 1984.

3. Criminal Law Notes, *Multiplicity—Charting the Chaos*, The Army Lawyer 45 (Dept. of the Army Pamphlet 27–50–233, Apr.1992).