UNITED STATES, Appellee,

v.

Rogelio A. JOHNSON, Senior Airman,
U.S. Air Force, Appellant.

No. 67,310.
CMR No. 28545.

U.S. Court of Military Appeals.

Submitted March 11, 1993.

Decided Sept. 28, 1993.

Certiorari Denied Feb. 22, 1994.

See 114 S.Ct. 1056.

For Appellant: *Colonel Jeffrey R. Owens* and *Captain Ursula P. Moul* (on brief).

For Appellee: *Lieutenant Colonel Brenda J. Hollis* and *Captain James C. Sinwell* (on brief).

PER CURIAM:

Tried by a military judge sitting alone as a general court-martial, appellant was convicted, pursuant to his pleas, of assault; and, contrary to his pleas, of three other assaults and nine specifications alleging adultery with four different women, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934, respectively. The adjudged and approved sentence extends to a bad-conduct discharge, confinement and forfeiture of $250 pay per month for 12 months, and reduction to airman basic. The Court of Military Review dismissed the first specification alleging assault because of finding an improvident plea of guilty. However, that court otherwise affirmed the findings and the sentence.

Upon petition for review by this Court, we specified an issue as follows:

WHETHER SPECIFICATIONS 1 THROUGH 5 OF CHARGE [II] (ADULTERY WITH F.W. ON DIVERS OCCASIONS) WERE MULTIPLICIOUS AND SHOULD HAVE BEEN CONSOLIDATED. *See United States v. Boyle,* 36 MJ 326 (CMA 1993).

Counsel for both sides submitted briefs concerning this issue. Defense counsel argued that "[w]hat constitutes substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person," citing *United States v. Wales,* 31 MJ 301 (CMA 1990), and *United States v. Appel,* 31 MJ 314 (CMA 1990). Final Brief at 4–5. The thrust of this argument is that an ongoing adulterous relationship is multiplicious for findings where it is alleged with the same person.

The Government responded by stating that reliance on *Wales* and *Appel* is misplaced since in both of those cases the Government had charged illegal fraternization between an officer and an enlisted person even though certain of the allegations of fraternization involved adulterous conduct.

As noted above, this case was granted to follow our opinion in *United States v. Boyle,* 36 MJ 326 (CMA 1993). That ac-

cused had been convicted of four specifications of conduct unbecoming an officer by wrongfully engaging in sexual intercourse with an enlisted woman who was not his wife, and for making a false sworn statement. The issue granted was "[w]hether an officer accused of wrongfully having sexual relations with one enlisted woman, on four separate occasions, may be appropriately charged with, and convicted of, four separate specifications of violating Article 133." 36 MJ at 326. However, after briefing, the Government conceded that our holdings in *Appel* and *Wales* mandated that, under the circumstances of the *Boyle* case, the four specifications of conduct unbecoming an officer should be consolidated into one. 36 MJ at 327. Curiously, the accused was initially tried for four specifications alleging adultery at several places with an enlisted woman and four other specifications alleging the same occasions and locations of conduct unbecoming an officer by "wrongfully and dishonorably engag[ing] in sexual intercourse with" the same enlisted woman, among other charges. *Id.* at 326. At trial, upon motion by defense counsel, the military judge consolidated the four adultery specifications and the single fraternization specification into four specifications of conduct unbecoming an officer. He added language indicating that on each occasion the accused was a married man and the enlisted woman was not his wife. Defense counsel also moved to further consolidate these offenses into a single offense of fraternization encompassing all the times and locations involved. *Id.* at 327. This Court then consolidated specifications 1, 2, and 4 alleging conduct unbecoming an officer into specification 3, which it then redesignated as the specification, and affirmed the decision below as to such findings. *Id.* at 327–28. Consequently, the issue sought to be addressed by the specified issue here was never reached in the *Boyle* case: whether adulterous conduct charged as adultery alone with the same woman at divers locations and divers times represents a continu-

ing offense which cannot be charged separately.

While this case has been in the appellate process, we recently decided *United States v. Teters*, 37 MJ 370 (CMA 1993). In *Teters*, which also involved a multiple-charging situation, we held:

> In summary, we hold that appellant has failed to show that Congress expressly provided in Articles 121 and 123 or their legislative histories that multiple convictions are not authorized in this case. In addition, she has failed to show that application of the *Blockburger [v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)] rule to these statutes presumptively precludes separate convictions for forgery and larceny. Finally, she has failed to establish any indication of a contrary intent on Congress' part to overcome the *Blockburger* presumption that forgery and larceny are separate offenses for the purposes of findings. Accordingly, we hold that separate convictions for forgery and larceny are authorized by Congress.

37 MJ at 378 (citation omitted).

Examination of appellant's brief has failed to show any indication that Congress intended that separate charges of adultery separated by time and place were to be considered as multiplicious or that "application of the *Blockburger* rule ... presumptively precludes separate convictions" for these specifications. Under such circumstances we hold that this accused has failed to bear the burden to establish a congressional intent that these offenses be considered multiplicious. Therefore, we hold that adultery with the same woman at divers times and places constitutes separate offenses. *See, e.g.,* J. Miller, *Handbook of Criminal Law* § 136 at 431–32 (1934) (footnotes omitted) ("Where the offense named in the statute is adultery, without more, a single act of sexual intercourse is sufficient to constitute the crime; and each such act constitutes a separate offense."); *Wharton's Criminal Law* § 214 at 354 (C. Torcia 14th ed.1979) (footnote omitted) ("Adul-

tery requires only a single act of sexual intercourse, and each adulterous act constitutes a crime.").

The decision of the United States Air Force Court of Military Review is affirmed.

COX, Judge (concurring):

*See* my concurring-in-the-result opinion in *United States v. Beaudin*, 35 MJ 385, 388 (CMA 1992), and *United States v. Wilson*, 35 MJ 473, 475 n.3 (CMA 1992), regarding sentencing for multiple offenses such as the ones enumerated here.