OPINION OF THE COURT
CREAN, Senior Judge:
The appellant was found guilty, in accordance with his pleas, by a military judge sitting as a general court-martial, of rape, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to dis *883 missal, confinement for five years, and forfeiture of $2,000.00 pay per month for sixty months.
The appellant asserts, inter alia, that the testimony of a witness that was purported to be “victim impact” testimony should not have been admitted and that the sentence is inappropriately severe. We disagree as to the admission of the evidence, but grant sentence relief.
This is a sad ease. The appellant and his wife were married in 1968 and had five children. The fourth child, the victim, fifteen-years old at the time of the offense, was born mentally retarded. She has been diagnosed with the mental ability of a seven-year-old.
The appellant was a former enlisted man in the Navy. After discharge, he entered a physician assistant’s school and joined the Army National Guard. Upon completion of school, he was activated as a physician’s assistant in the Army and served as a warrant officer. He was commissioned as a captain in the Regular Army in 1992.
The appellant and his wife had a supposedly happy marriage until 1986 when there were marital difficulties. They sought counseling and assistance. Finally, the appellant’s wife revealed that she was a lesbian. The appellant and his wife continued to live together at Fort Belvoir, Virginia, for a few months until he was assigned to Fort Eustis, Virginia. The family continued to live at Fort Belvoir when the appellant went to Fort Eustis. Because of this forced separation, the appellant’s wife told him that she and the children no longer needed him. However, a few months later the relationship between the wife and the children deteriorated and the appellant received numerous calls to return to the house to resolve conflicts between the wife and the children. Finally, the wife decided she no longer wanted to live with her children but with her female lover. She turned custody of the children over to the appellant. The appellant became the sole parent for the children. Because of debts run up by the appellant’s wife, he filed for bankruptcy, and worked two jobs in addition to his military duties to make ends meet.
In 1991, the appellant was transferred to Fort Irwin, California. His two youngest children accompanied him to the new assignment. The older children were grown and living on their own. The third child went to five with the family six months after the move to Fort Irwin. She left later to marry.
The victim attended school in Barstow, a two-hour daily bus ride from home. In early 1992, the appellant started to drink heavily because he could not see an end to his problems. After drinking, he had sexual intercourse with the victim on a number of occasions in April and May 1992. The victim, because of her mental handicap and mental age, could not consent to the acts of intercourse. She was able to tell her sister what was happening and her sister notified authorities.
The victim’s special education teacher, testified for the government concerning the victim’s education, mental test results, and her adaptive behavior to normal activities. He also testified that there had been some change in her behavior about the time the incidents with the appellant were taking place. The defense did not object to the portion of the teacher’s testimony dealing with the victim’s mental retardation. However, when the teacher testified that in the spring of 1992 he noticed changes in the victim’s behavior, the defense objected that it was speculation whether the changes in behavior were the result of troubles the victim had at home. The military judge overruled the objection and permitted the teacher to testify as to the behavioral changes he observed.
The prosecution is permitted to present evidence regarding aggravating circumstances directly relating to the offense for which the appellant has been found guilty. Rule for Courts-Martial 1001(b)(4) [hereinafter R.C.M.]. Aggravating evidence may include evidence of social, psychological or medical impact on the victim. R.C.M. 1001(b)(4) discussion. As in all evidence, it must be relevant. Military Rule of Evidence 402 [hereinafter Mil.R.Evid.]. The evidence must not amount to uncharged misconduct. See Mil.R.Evid. 404(b); United States v. Taliaferro, 2 M.J. 397 (A.C.M.R.1975). We find *884 that the evidence of the change in the victim’s behavior, as testified to by her teacher, is an aggravating circumstance resulting from the offense of which the appellant has been found guilty. See United States v. Wilson, 35 M.J. 473, 476 (C.M.A.1992); United States v. Fontenot, 29 M.J. 244, 251 (C.M.A.1989). Accordingly, we hold that the military judge properly admitted this evidence.
The appellant also asks this court to disapprove the dismissal as an inappropriate punishment since it is unduly harsh. He points to his long service, the pressures he was under because of his family situation, the opinions of various medical personnel explaining the underlying nature of appellant’s actions, and his remorse as reasons that his sentence is unduly harsh.
We are directed by statute to affirm only such part of the sentence as we find correct in law and fact and which, based on the entire record, should be approved. UCMJ art. 66(c), 10 U.S.C. § 866(c). This court’s duty is to determine sentence appropriateness, that is to do justice, rather than to grant clemency. United States v. Healy, 26 M.J. 394 (C.M.A.1988).
The offense he has been found guilty of is reprehensible. The appellant has served in an active duty or reserve component status for over twenty-seven years and is retirement eligible. The marital, family, and emotional pressures that the appellant was facing before he turned to alcohol and committed the offense do provide some mitigation for the appellant’s conduct. Even while facing these pressures, the appellant continued to perform his military duties. We also note that the appellant had cancer in the past and that his son is in need of medical treatment for injuries suffered when he was hit by a military police vehicle at Fort Irwin. Under the unique circumstances of this case, we find that the dismissal portion of the sentence is not appropriate.
While it is not the function of this court to grant clemency, we realize that our action on the sentence is also a form of clemency that aids the victim. The true victim in this ease is the appellant’s mentally retarded daughter. She has been violated by her father. She obviously is in need of lifetime medical and other support. While she may be entitled to some support if a dismissal is approved,[1] the appellant will be less likely to provide her the level of support she would have received had he been able to retire. We note from the R.C.M. 1106 submissions that the civilian authorities have taken the necessary steps to ensure that pay due the appellant is garnished for child support for the victim and her younger brother. The appellant should be in a position to provide the victim the support that he could provide because of his years of military service. The civilian authorities can ensure this happens.
The findings of guilty are affirmed. After considering the entire record, the court affirms only so much of the sentence as provides for confinement for five years and forfeiture of $2,000.00 pay per month for sixty months.

. See 10 U.S.C. § 1408 and 10 U.S.C. § 1058. Note there are three sections 1058 enacted and we refer to the section 1058 entitled: Dependents of members separated for dependent abuse: transitional compensation.