**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Senior Airman BRANDON K. PRITZ**
**United States Air Force**

**ACM 38712**

**21 January 2016**

Sentence adjudged 30 September 2014 by GCM convened at Joint Base
Elmendorf–Richardson, Alaska. Military Judge: Matthew P. Stoffel
(sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 1 year,
forfeiture of $1020.00 pay per month until execution of the adjudged
punitive discharge, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Annie W. Morgan.

Appellate Counsel for the United States: Major Mary Ellen Payne; Major
Roberto Ramirez; and Gerald R. Bruce, Esquire.

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent
under AFCCA Rule of Practice and Procedure 18.4.

BROWN, Judge:

At a general court-martial composed of a military judge sitting alone, Appellant
was convicted, consistent with his pleas, of disrespect to a superior commissioned officer;
three specifications of failure to obey a general regulation by using Spice; violation of a
restriction order; physically controlling a passenger car while drunk; wrongful use of
cocaine; wrongful use of marijuana; wrongful possession of a Schedule I controlled
substance, AM-2201 (1-(5-Fluoropentyl)-3-(1-naphthoyl) indiole); wrongful provision of

alcohol to a person under the age of 21; and two specifications of drunk and disorderly conduct, in violation of Articles 89, 92, 111, 112a, and 134, UCMJ, 10 U.S.C. §§ 889, 892, 911, 912a, 934.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for one year, forfeiture of $1,020.00 pay per month until execution of the adjudged punitive discharge, and reduction to E-1.

On appeal, Appellant contends the three specifications for failure to obey a general regulation by using Spice constituted an unreasonable multiplication of charges. He also argues that, if we find Appellant waived this issue, we find his trial defense counsel provided ineffective assistance of counsel by failing to object to this issue or raise it in clemency. We disagree and affirm the findings and sentence.

*Background*

Appellant engaged in a course of continuing misconduct over a 14-month time period that ranged from various drug offenses, to alcohol offenses, to disrespect, to violation of orders. Appellant's misconduct only ceased when he was placed into pretrial confinement.

Appellant's laundry list of misconduct included three specifications of failure to obey a lawful general regulation by wrongfully using an intoxicating substance commonly known as Spice. The three specifications covered distinct uses of Spice at three different times: divers uses between 1 March 2013 and 25 June 2013, use between 1 August 2013 and 3 September 2013, and use between 15 September 2013 and 18 October 2013.

Appellant subsequently entered into a pretrial agreement where he agreed to plead guilty to all but two specifications, enter into a stipulation of fact, be sentenced by a military judge, and waive all waivable motions other than an illegal pretrial punishment motion that had been previously filed. In return, the convening authority agreed to withdraw and dismiss two specifications and to approve no more than 24 months of confinement. Based solely on the offenses for which Appellant entered a guilty plea, Appellant faced a maximum sentence of a dishonorable discharge, 20 years and 11 months of confinement, forfeiture of all pay and allowances, and reduction to E-1.

---

[1] As part of a pretrial agreement, the government agreed to withdraw and dismiss a specification of disobeying a lawful order by possessing alcohol in the dormitories and a specification of dereliction of duty for failing to refrain from having fireworks in his dormitory room, in violation of Article 92, UCMJ, 10 U.S.C. § 892. Appellant did not enter a plea as to these offenses.

During his providence inquiry, Appellant described his multiple uses of Spice during each of the time periods set forth in the three specifications. Between 1 March and 25 June 2013, Appellant purchased Spice at least 20 different times and smoked what he purchased by using a pipe, an aluminum can, or a hand-rolled cigarette while in his vehicle, in his dormitory room, or at the smoke pit at his work location. For the specification covering the time period between 1 August and 3 September 2013, Appellant admitted smoking Spice on numerous occasions in his car and in his dormitory room and that he ingested it in the three ways previously described. This group of uses resulted in a positive urinalysis for Spice. Finally, during the last distinctly charged time period between 15 September and 15 October 2013, Appellant admitted to additional uses of Spice, ingested in a similar manner and in similar places. This third group of uses resulted in a second positive urinalysis for Spice.

Appellant's pretrial agreement contained a "waive all waivable motions" provision. This provision preserved only those motions filed as of the date of the offer for pretrial agreement. When discussing this provision, trial defense counsel did not reference unreasonable multiplication of charges as a specific motion that Appellant would have raised but for that provision in the pretrial agreement.

Although Appellant did not raise it at trial, he now contends that charging multiple uses of Spice in three specifications, rather than charging all of the uses as one consolidated "divers" specification, constituted an unreasonable multiplication of charges. From the plea and the stipulation of fact, Appellant smoked Spice more than 24 times at three different places, in three different ways, and his uses resulted in two separate positive urinalysis results.

In *United States v. Gladue*, 67 M.J. 311 (C.A.A.F. 2009), our superior court held a "waive all waivable motions" provision waived, rather than forfeited,[2] a claim of multiplicity and unreasonable multiplication of charges on appeal, and, therefore, it was appropriate for the service court to treat these issues as waived on appeal. The court held this issue was waived even though trial defense counsel did not say that they considered these potential motions, or had previously advised Appellant regarding them. *Id*. at 314. The court held the appellant in *Gladue* waived both of these issues because the pretrial agreement required him to waive "all" waivable motions. *Id*. The court noted the military judge conducted a thorough inquiry to ensure the appellant understood the effect of this provision, and he explicitly indicated his understanding that he was waiving the right to raise any waivable motion. *Id*.

---

[2] As our superior court explained, while "forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right'." *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).

In this case, Appellant waived all waivable motions as part of his pretrial agreement, and the military judge ensured he understood the meaning and effect of this provision. While trial defense counsel did not specifically articulate that the defense was waiving a potential unreasonable multiplication of charges motion, this is not required. Consistent with *Gladue*, we find Appellant has waived his right to raise the issue of unreasonable multiplication on appeal; and, therefore, he is not entitled to relief on this issue. *See also United States v. Kuhn*, ACM 37357 (A.F. Ct. Crim. App. 16 March 2010) (unpub. op.) (finding that a "waive all waivable motions" provision in a pretrial agreement waived all claims that charging five uses of cocaine as separate specifications constituted an unreasonable multiplication of charges).

Additionally, we have considered whether we should decline to apply waiver under our broad authority under Article 66(c), UCMJ, 10 U.S.C. § 866(c). Under that authority, we only approve those findings of guilty and the sentence, or such part of the sentence, as we find should be approved. *See United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001) ("Particularly in view of the extraordinary power of a Court of Criminal Appeals to 'substitute its judgment' for that of the court-martial, the court below was well within its authority to determine the circumstances, if any, under which it would apply waiver or forfeiture to [unreasonable multiplication of charges].") (citation omitted); *United States v. Butcher*, 56 M.J. 87 (C.A.A.F. 2001) (noting that service courts' "highly discretionary [Article 66(c), UCMJ] power includes the power to determine that a claim of unreasonable multiplication of charges has been waived or forfeited when not raised at trial"); *United States v. Chin*, ACM 38452 (recon), unpub. op. at 6 (A.F. Ct. Crim. App. 12 June 2015) (noting that Article 66(c), UCMJ, empowers the service courts to "consider claims of unreasonable multiplication of charges even when those claims have been waived"). We decline to exercise that authority in this case.

*Ineffective Assistance of Counsel*

Appellant also contends that if we find the unreasonable multiplication of charges issue waived by his guilty plea and pretrial agreement, his trial defense counsel was ineffective for failing to object to this charging scheme and failing to object to the purported error during the clemency proceedings.

The Sixth Amendment[3] guarantees the accused the "right to the effective assistance of counsel." *United States v. Cronic*, 466 U.S. 648, 654 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). We review such claims de novo under the standards and two-prong test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010); *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009). "In order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate

---

[3] U.S. CONST. amend. VI.

both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *Green*, 68 M.J. at 361 (citing *Strickland*, 466 U.S. at 687).

We find that defense counsel's not filing an unreasonable multiplication of charges motion at trial was reasonable under the facts and circumstances of this case. *See, e.g.*, *United States v. Johnson*, 38 M.J. 89 (C.M.A. 1993) (no error to charge five different instances of adultery with the same woman as five separate specifications); *United States v. Belton*, ACM 37484 (A.F. Ct. Crim. App. 19 May 2010) (unpub. op.) (no error to charge different AWOLs and different instances of communicating indecent language as separate specifications rather than consolidating the conduct as two "divers" specifications); *United States v. Murphy*, NMCCA 201200486 (N.M. Ct. Crim. App. 30 May 2013) (unpub. op.) (no error to charge assaults against the same victim on three different dates as three separate specifications); *United States v. Cordle*, NMCCA 200600570 (N.M. Ct. Crim. App. 17 April 2007) (unpub. op.) (no error to charge five instances of attempted indecent language as separate specifications rather than a consolidated "divers" specification). Such a motion was unlikely to succeed and could have jeopardized Appellant's efforts to secure a pretrial agreement.

Additionally, in the guilty plea context, "[t]o satisfy the 'prejudice' requirement, the defendant must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Bradley*, 71 M.J. 13, 16 (C.A.A.F. 2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Id.* at 16–17 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011)). Appellant must satisfy an objective inquiry—he must show that if he had been advised properly, then it would have been rational for him to reject the benefits of the pretrial agreement and to plead not guilty. *Id.* at 17. Here, Appellant has not met his burden.

Appellant also contends his trial defense counsel should have raised this issue to the convening authority in clemency. In the context of an allegation of ineffective assistance during the post-trial phase, because of the highly discretionary nature of the convening authority's clemency power, Appellant meets his burden if he "makes some colorable showing of possible prejudice." *United States v. Lee*, 52 M.J. 51, 53 (C.A.A.F. 1999) (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)) (internal quotation marks omitted). An appellant meets his burden where he demonstrates that effective representation from his trial defense counsel "could have produced a different result." *United States v. Frederickson*, 63 M.J. 55, 57 (C.A.A.F. 2006) (quoting *United States v. Brown*, 54 M.J. 289, 293 (C.A.A.F. 2000)) (internal quotation marks omitted). We find Appellant has not made a "colorable showing of possible prejudice." Thus he has not satisfied the second prong of the *Strickland* test as applied in the post-trial context.

In clemency, Appellant's trial defense counsel[4] requested a reduction in forfeitures and a disapproval of the bad-conduct discharge. The basis for this request was: (1) there was additional delay in bringing the case to trial when the government elected to go to a general court-martial rather than a special court-martial (and the sentence reflected that a special court-martial was the appropriate forum); (2) the conditions of pretrial confinement were such that Appellant should receive additional clemency in addition to the 167 additional days of confinement credit provided by the military judge; (3) investigators damaged some of Appellant's computer equipment when they seized it; (4) additional pay would allow Appellant to travel home and to fix his damaged computer equipment; and (5) the potential impact of a punitive discharge on Appellant. The convening authority reduced Appellant's adjudged sentence of forfeiture of all pay and allowances to forfeiture of $1,020.00 pay per month until execution of the adjudged punitive discharge. The approved forfeiture was less than the monthly pay of an E-1[5] and permitted Appellant to be paid any allowances to which he was entitled.

Considering Appellant's clemency submission, his misconduct, and the facts and circumstances of this case, we find he has not made a colorable showing of possible prejudice from this allegedly deficient performance by the trial defense counsel. We reject the notion that trial defense counsel provided ineffective assistance, as it is apparent the bargained for and agreed to deal was advantageous to Appellant and a motion for unreasonable multiplication of charges had little chance of success either at trial or during the clemency stage.

---

[4] Appellant's counsel submitted a clemency request on behalf of his client. Appellant did not submit a separate, personalized request for clemency.
[5] In 2014, the monthly pay for an E-1 was $1,531.50. Pay chart for 1 January 2014 at
http://www.dfas.mil/militarymembers/payentitlements/military-pay-charts.html (last accessed on 19 January 2016).

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the approved findings and sentence are

**AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

ACM 38712