**UNITED STATES, Appellee,**

v.

**Steve D. FLYNN, Specialist Four, U.S. Army, Appellant.**

No. 59,576.

CM 8700444.

U.S. Court of Military Appeals.

June 30, 1989.

For Appellant: *Captain Lida A. S. Savonarola* (argued); *Colonel John T. Edwards* and *Major Kathleen A. VanderBoom* (on brief); *Lieutenant Colonel Russell S. Estey.*

For Appellee: *Major Kathryn F. Forrester* (argued); *Colonel Norman G. Cooper* and *Lieutenant Colonel Gary F. Roberson* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

On February 26 and 27, 1987, appellant was tried by general court-martial composed of officer members at Fort Huachuca, Arizona. Contrary to his pleas, he was found guilty of assault with intent to commit rape, assault with intent to commit sodomy, committing indecent acts, wrongful solicitation to commit sodomy, and forcible sodomy, all on the same female under the age of 16, as well as false swearing, in violation of Articles 134 and 125, Uniform Code of Military Justice, 10 USC §§ 934 and 925, respectively. He was sentenced to a bad-conduct discharge, confinement for 7 years, and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged. The Court of Military Review affirmed the find-

ings and sentence in a short-form opinion dated December 14, 1987.

This Court granted review of the following issues:

## I

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY FAILING TO FIND ASSAULT WITH INTENT TO COMMIT RAPE (SPECIFICATION 1 OF THE CHARGE) MULTIPLICIOUS WITH ASSAULT WITH INTENT TO COMMIT SODOMY (SPECIFICATION 2 OF THE CHARGE).

## II

WHETHER THE STAFF JUDGE ADVOCATE ERRED BY FAILING TO ADVISE THE CONVENING AUTHORITY, AS WAS HIS DUTY UNDER RULE FOR COURTSMARTIAL [R.C.M.] 1106(d)(4), WHETHER CORRECTIVE ACTION SHOULD BE TAKEN AFTER THE TRIAL DEFENSE COUNSEL EXPLICITLY RAISED A LEGAL ERROR IN HIS R.C.M. 1105 SUBMISSION.

We hold no error occurred as a result of the judge's failure to find the assault charges multiplicious for findings or sentence. *See United States v. Jones*, 23 MJ 301, 303 (CMA 1987). Moreover, the staff judge advocate's failure to address a legal error assigned by defense counsel in his post-trial recommendation to the convening authority was harmless error. *United States v. Hill*, 27 MJ 293 (CMA 1988).

---

On August 8, 1986, appellant attempted vaginal sex with his 11–year–old stepdaughter. Unsuccessful in his first attempt, he then attempted anal penetration, also unsuccessfully. At trial, neither defense nor government counsel raised any multiplicity questions regarding these offenses.[1]

At an Article 39(a), UCMJ, 10 USC § 839(a), session prior to sentencing, government counsel indicated to the military judge that he would like the judge to take judicial notice of the child-molester rehabilitation program at the United States Disciplinary Barracks. Defense counsel objected and asserted that the members would be influenced by the court's implied endorsement of this program. The military judge stated that he would take judicial notice of the existence of the program but not its value.

After closing arguments, a member, Colonel Neill, addressed a question to the military judge. The question was whether appellant would "receive rehabilitative treatment" at Fort Leavenworth. An Article 39(a) session was then called to discuss instructions, where the following colloquy occurred:

TC: ... The Government would request you to give the following notice to the court: at the request of the prosecution, the court take judicial notice of the fact that there exists a program of treatment for child molesters at the United States Disciplinary Barracks at Fort Leavenworth, Kansas.

\* \* \* \* \* \*

Furthermore, Your Honor, the government requests the following sentence to the effect that if confined to Fort Leavenworth, that program would be available to Specialist Flynn.

\* \* \* \* \* \*

MJ: All right, Captain Moye, what is your position on both requests?

DC: That would be—the first part of that is fine, sir. That appears to be the language approved in *Anderson*. The defense would object to the second portion. Because, basically, what you are saying there is to send him to Fort Leavenworth.

MJ: I am not going to give the second portion. I will use the instruction in the benchbook, paragraph 7–6, on judi-

---

1. A motion to dismiss based on the purported multiplicity of an indecent act specification and a sodomy specification was made by defense counsel but was denied by the judge.

cial notice. And the instruction will go like this: I have taken judicial notice that a program of treatment for child molesters is available at the Disciplinary Barracks at Fort Leavenworth, Kansas. This means that you are now permitted to recognize and consider that fact without further proof. It should be considered by you as evidence with all other evidence in this case. You may, but are not required to, accept as conclusive the matter I have judicially noticed. Now, does that suffice for you, Captain Moye, as a limiting instruction? I believe that you wanted some such limiting type instruction on it.

DC: Yes, Your Honor, that would be fine.

The military judge subsequently gave this instruction:

Just before we recessed, Colonel Neill wrote down some questions marked as Appellate Exhibit XXI. We treated those questions as a request for additional information. And in an attempt to satisfy the request, I did certain things. What I did was, I took judicial notice that a program, treatment for child molesters, is available at the Disciplinary Barracks at Fort Leavenworth, Kansas. This means that you are now permitted to recognize and consider that fact without further proof, and that should be considered by you as evidence with all other evidence in this case. You may, but are not required to accept as conclusive the matters that I have judicially noticed. The second part of that exhibit—the second question, Colonel Neill, I cannot answer. Gentlemen, I will now give instructions on sentencing.

Another member, Lieutenant Colonel Richardson, subsequently asked whether the child-abuse program was only available at Fort Leavenworth and whether it was at "other military confinement areas." The military judge told him that for a sentence ranging from 1 day to 4 months, prisoners are held in a stockade. Sentences of 4 months to 2 years were served at the Fort Riley, Kansas, Correctional Activity. Finally, sentences of 2 years and over were served at the United States Disciplinary Barracks, Fort Leavenworth, Kansas.

Defense objected, arguing that the judge had just effectively told the members that treatment was only available at the Disciplinary Barracks. As a result, the military judge told the members that a similar program was available at the Fort Riley Correctional Activity. In response, the President stated, "Okay, thank you, that makes a difference." The members then sentenced appellant to confinement for 7 years.[2]

I

Appellant asserts that he should not have been found guilty of both assault with intent to commit rape and assault with intent to commit sodomy. He raised this argument for the first time on appeal before the Court of Military Review and expands this contention before this Court by arguing that, at the very least, these offenses were multiplicious for sentencing. He asks for consolidation of these findings of guilty and a sentence rehearing or, in the alternative, a remand of this case for sentence reassessment.

■ The basis of appellant's claim is the absence of a time lapse between these offenses and the general command in the Discussion to RCM 307(c)(4), Manual for Courts–Martial, United States, 1984. This Discussion states: "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Appellant also contends that "the interlocking nature of the offenses" precludes two convictions. We have examined these arguments in light of *United States v. Baker*, 14 MJ 361 (CMA 1983), and reject them.

**2.** The sentence announcement no longer includes reference to the percentage of members voting for the sentence. *See* App. 11, Manual for Courts–Martial, United States, 1984. In this case, the president announced that "three-fourths of the members" voted for the sentence.

This Court has held that Congress intended assault, as prescribed in Article 128, UCMJ, 10 USC § 928, to be a continuous course-of-conduct-type offense and that each blow in a single altercation should not be the basis of a separate finding of guilty. *See United States v. Morris*, 18 MJ 450 (CMA 1984); *United States v. Rushing*, 11 MJ 95 (CMA 1981). However, appellant was not found guilty of simple assault under this codal provision but rather was convicted of an aggravated-type assault which includes a specific intent to commit a particular crime of a more severe nature. Art. 134; para. 64(c)(4) and (6), Part IV, Manual, *supra. See* Legal and Legislative Basis, Manual for Courts–Martial, United States, 1951, at 296; J. Snedeker, *Military Justice Under the Uniform Code* 825 (1953). *See generally* R. Perkins and R. Boyce, *Criminal Law* 642–44 (3d ed.1982). In this context, the course of each crime or intended unit of prosecution is best gauged by the duration of the specific intent required for commission of the offense. *See generally United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 225, 73 S.Ct. 227, 231, 97 L.Ed. 260 (1952); *see* II *Wharton's Criminal Law* § 199 (14th ed.1979).

Here, the record shows that separate acts were involved which constituted each assault. Moreover, there was a lapse of time between these acts, albeit one of short duration. Finally, the criminal intent harbored by appellant at the time of the alleged acts was different and did not include the other as a matter of fact. We find no multiplicity for charging or findings in this situation. *See United States v. Cox*, 18 MJ 72, 75 (CMA 1984); *see generally United States v. Baker, supra* at 367 n.4. *See also* RCM 907(b)(3)(B).[3]

■ Turning to sentencing, we note that appellant made no motion to have these findings considered multiplicious for sentencing. RCM 906(b)(12). We are not inclined to speculate concerning application in this case of the various multiplicity-for-sentencing rules noted in the Manual for Courts–Martial (*see* RCM 1003(c)(1)(C), Discussion), and we do not consider the failure of the military judge to address them on his own to be plain error. *United States v. Jones*, 23 MJ at 303; *cf. United States v. Holt*, 16 MJ 393 (CMA 1983).

## II

■ The second granted issue asks whether the staff judge advocate erred by failing to address in his post-trial review a legal error which defense counsel asserted occurred in this case. RCM 1106(d)(4). The particular ruling complained of was the judge's decision to take judicial notice of the existence of a sexual-offender rehabilitation program at Fort Leavenworth. Appellant asserts that such a ruling constituted an endorsement by the judge of a sentence of confinement sufficient for appellant to gain entrance to that penal institution and this program.

We note that the military judge also instructed the members that a similar program was available at the Fort Riley Correctional Activity for lesser periods of confinement. Accordingly, any suggestion that his earlier instruction concerning Fort Leavenworth was an endorsement of appellant's confinement at that institution or for a certain period of time is tenuous. As to the general subject matter of this instruction, we have recognized this area is normally off limits under present Manual rules. *See United States v. Lapeer*, 28 MJ 189 (CMA 1989). *Cf. United States v. Hannan*, 17 MJ 115, 123, 124 (CMA 1984). However, here the defense previously introduced evidence suggesting that incarceration for child molesters at the United States Disciplinary Barracks, Fort Leavenworth, or any other penal institution was

---

**3.** If our divination of legislative intent concerning the unit of prosecution for these offenses be considered unduly fictional (*cf. Garrett v. United States*, 471 U.S. 773, 778–79, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985); *United States v. Woodward*, 469 U.S. 105, 105 S.Ct. 611, 83 L.Ed. 2d 518 (1985)), we nonetheless conclude that these offenses are otherwise separate as a matter of law and pleadings. *See United States v. Baker*, 14 MJ 361, 367–68 (CMA 1983); *see generally Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

not appropriate. In light of RCM 1001(d), we hold the challenged evidence was proper rebuttal. Accordingly, failure of the staff judge advocate to address the defense legal contention was harmless error in this case. *United States v. Hill,* 27 MJ 293.

The decision of the United States Army Court of Military Review is affirmed.

Judge COX concurs.

EVERETT, Chief Judge (concurring):

In my view, if a servicemember assaults someone with an intent to accomplish several results—for example, kill, rape, sodomize, and rob—the single assault cannot be multiplied into several crimes because several intents are simultaneously present. On the other hand, where there are separate acts, each accompanied by a different intent, more than one crime has been committed, even though the acts may follow one another without any appreciable interval of time. Since I do not understand the majority opinion to be at odds with my view, I concur.