# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist GEORGE A. CLARKE**
**United States Army, Appellant**

ARMY 20120800

Headquarters, Fort Hood
Patricia Lewis, Military Judge (arraignment)
James L. Varley, Military Judge (trial)
Lieutenant Colonel Craig E. Merutka, Acting Staff Judge Advocate (pretrial)
Colonel Stuart W. Risch, Staff Judge Advocate (post-trial)

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Sara E. Lampro, JA (on brief); Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Patrick J. Scudieri, JA (on reply brief).

For Appellee: Colonel John P. Carroll, JA; Major Robert A. Rodrigues, JA; Captain Jaclyn E. Shea, JA (on brief).

20 March 2015

---------------------------------
OPINION OF THE COURT
---------------------------------

HAIGHT, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of aggravated assault, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 [hereinafter UCMJ].[1] The military judge sentenced appellant to a bad-conduct discharge, confinement for 28 months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.[2]

---

[1] In accordance with his pleas, appellant was acquitted of maiming, assault consummated by a battery, aggravated assault, and child endangerment.

[2] The convening authority deferred both automatic and adjudged forfeitures until time of action and appropriately credited appellant with 146 days of confinement.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises two issues, both of which merit discussion and relief.

## BACKGROUND

On 23 March 2012, appellant brutally beat his wife with a metal stool.  His multiple blows with the stool caused grievous bodily harm, in the nature of a deep cut to his wife's head, along with injury to her elbow.  For this misconduct, appellant was charged with, *inter alia*, assaulting his wife "by striking her on the head with a metal stool and did thereby intentionally inflict grievous bodily harm upon her, to wit: a deep cut" as well as assaulting his wife "by striking her on the elbow with a means or force likely to cause death or grievous bodily harm, to wit: a metal stool."  Although the military judge did consider the two assault specifications as one offense for purposes of sentencing, appellant remains convicted of two aggravated assaults.  On appeal, appellant claims the aggravated assault with a means or force likely to produce death or grievous bodily harm is a lesser included offense of the aggravated assault by intentionally inflicting grievous bodily harm and should have been dismissed.

## LAW AND DISCUSSION

*1. Unit of Prosecution for Assaults*

We agree that, under the circumstances of this case, appellant should not be separately convicted for the assault on his wife's elbow.  We find the language in *United States v. Flynn*, 28 M.J. 218, 221 (C.M.A. 1989), to be useful and still persuasive, despite the many changes in the landscape of the law concerning multiplicity and unreasonable multiplication of charges.  Our superior court "has held that Congress intended assault, as prescribed in Article 128, UCMJ, 10 U.S.C. § 928, to be a continuous course-of-conduct-type offense and that each blow in a single altercation should not be the basis of a separate finding of guilty." *Id.* (citing *United States v. Morris*, 18 M.J. 450 (C.M.A. 1984); *United States v. Rushing*, 11 M.J. 95 (C.M.A. 1981)).

Generally speaking, the unit of prosecution for the type of ongoing assault found in this case—an uninterrupted attack comprising touchings "united in time, circumstance, and impulse"—charged under Article 128, UCMJ, as opposed to the specialized assaults charged under Article 120 or 134, is the number of overall beatings the victim endured rather than the number of individual blows suffered. *Rushing*, 11 M.J. at 98.  While we understand there may be valid reasons for separately charging individual blows, we find here that separate convictions for two assaults within the same altercation to be unreasonable. *See Morris*, 18 M.J. at 451 (quoting *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 225 (1952)) ("'Whether an aggregate of acts constitute a single course of conduct and therefore a

single offense, or more than one, may not be capable of ascertainment merely from the bare allegations of an information and may have to await the trial on the facts.'"); *see also United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001); *Ball v. United States*, 470 U.S. 856 (1985). As the provided factual predicate supports but a single assault, we find a substantial basis in law and fact to conform the pleadings to that factual basis and consolidate the two aggravated assault specifications into a single specification.

### 2. Post-Trial Processing

Appellant's court-martial concluded on 16 August 2012. Transcription of the 239-page record of trial was completed more than eight months later, on 26 April 2013. The military judge authenticated the record on 21 May 2013, and the convening authority completed his initial action on 24 August 2013. However, the promulgating order was not finished until 23 September 2013, and this court did not ultimately receive the completed record of trial until 17 October 2013. Despite an absence of a showing of prejudice in this case, we find, pursuant to Article 66(c), UCMJ, that 429 days to complete post-trial processing and send this record to the service court is too long and will grant the requested relief of reduction in confinement by two months. *See United States v. Collazo*, 53 M.J. 721 (Army Ct. Crim. App. 2000).

### CONCLUSION

The aggravated assault specifications of Specification 2 and Specification 3 of Charge II are consolidated into a single aggravated assault specification, numbered Specification 3 of Charge II, to read as follows:

> Charge II, Specification 3: In that Specialist (E-4) George A. Clarke, U.S. Army, did, at or near Killeen, Texas, on or about 23 March 2012, commit an assault upon Nadine Clarke by striking her on the head and striking her on the elbow with a metal stool and did thereby intentionally inflict grievous bodily harm upon her, to wit: a deep cut.

The findings of guilty to Specification 3 of Charge II, as so consolidated, and Charge II are AFFIRMED. The finding of guilty to Specification 2 of Charge II is set aside and that specification is DISMISSED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

3

CLARKE—ARMY 20120800

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape that might cause us pause in reassessing appellant's sentence, as the military judge merged Specifications 2 and 3 of Charge II for sentencing. Second, appellant was tried and sentenced by a military judge alone. Third, the nature of the remaining consolidated offense still captures the gravamen of the original offenses. Finally, based on our experience, we are familiar with the remaining offense so that we may reliably determine what sentence would have been imposed at trial. We are confident that based on the entire record and appellant's course of conduct, the military judge would have imposed a sentence of at least a bad-conduct discharge, confinement for 28 months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

Nonetheless, after considering the entire record, to include the government's dilatory post-trial processing, the court AFFIRMS only so much of the sentence as provides for a bad-conduct discharge, confinement for 26 months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge COOK and Judge TELLITOCCI concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court