# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, HAIGHT, and MAGGS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 RONALD B. SMITH, JR.**
**United States Army, Appellant**

ARMY 20140246

Headquarters, 1st Infantry Division and Fort Riley
Jeffery R. Nance, Military Judge
Colonel Craig E. Merutka, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Yolanda McCray Jones, JA (on brief); Lieutenant Colonel Charles D. Lozano, JA; Major Aaron R. Inkenbrandt, JA; Captain Jennifer K. Beerman, JA (on reply brief).

For Appellee: Major A.G. Courie III, JA; Major Steven J. Collins, JA; Captain Anne C. Hsieh, JA (on brief).

10 June 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

Contrary to his pleas, a panel composed of officer and enlisted members sitting as a general court-martial convicted appellant of two specifications of assault consummated by a battery, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2012). The court-martial sentenced appellant to be discharged from the service with a bad-conduct discharge. The convening authority approved the findings and the sentence.

Appellant's case is now before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, both of which merit discussion, and one of which merits relief. Appellant also personally raises several matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We have reviewed these matters and they do not merit discussion or relief.

**BACKGROUND**

Appellant violently attacked his wife, AS, during an extended altercation at their residence at or near Fort Riley, Kansas, on 18 August 2013.  Private First Class (PFC) ALS, who was present in the residence at the time, testified that appellant struck AS on her face and body with his hands.  Private First Class ALS intervened, attempting to separate appellant from his wife.  Private First Class KW, who was also present for part of the conflict, advised Private First Class ALS to remove appellant's children for safety.  Private First Class KW testified that after Private First Class ALS left the premises, the violence resumed.  She saw appellant lock the doors, go toward his wife, grab her by the neck, and lift her up.  Private First Class KW announced that she would call the police, and the violence ended shortly afterward.  The court-martial found appellant guilty of two specifications of assault consummated by a battery.  Appellant did not raise a claim of unreasonable multiplication of charges or multiplicity.  On his own motion, however, the military judge decided to treat the two specifications as a single offense for the purpose of sentencing, thus reducing the maximum possible time of confinement from twelve months to six months.

Following the trial, the only matter submitted to the convening authority on behalf of appellant was a one-page memorandum signed by one of appellant's two military defense counsel.  The memorandum did not allege any legal errors but did request clemency.  Appellant has submitted an affidavit to this court asserting that his military defense counsel did not consult with him prior to submission of the clemency request and that he never had the opportunity to review or approve it.  The affidavit further asserts that appellant would have provided the convening authority with personal statements from himself and his wife addressing the incident and the adverse impact of the court-martial.  Both of appellant's military defense counsel, Captains (CPTs) GV and EG, have submitted affidavits to this court directly contradicting appellant's statements.  Captain GV asserts in his affidavit that he repeatedly discussed the matter with appellant and that appellant told him to "just submit the memorandum."  Captain EG asserts in his affidavit that he witnessed the conversations between appellant and Captain GV and that appellant also told him personally that he had no additional clemency matters to present to the convening authority.

**DISCUSSION**

*1. Ineffective Assistance of Counsel*

Appellant's first assignment of error is that his military defense counsel's alleged failure to contact and consult with him prior to the submission of clemency matters on his behalf denied him his Sixth Amendment right to effective assistance of counsel and Fifth Amendment right to due process.  As a remedy for this

assignment of error, appellant requests that this court remand his case to the convening authority for new post-trial processing.

As described above, the affidavits submitted by appellant and his two military defense counsel are in material conflict. This court cannot decide "disputed questions of fact pertaining to a post-trial claim, solely or in part on the basis of conflicting affidavits submitted by the parties." *United States v. Ginn*, 47 M.J. 236, 243 (C.A.A.F. 1997). Applying the principles set forth in *Ginn*, we are unable to decide whether the military defense counsel's post-trial actions were deficient without further proceedings. *Id.* at 248.

One possible remedy would be to order a hearing under *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), to resolve the conflicts among the affidavits. Under the facts of this case, however, we are confident that a *DuBay* hearing could not possibly put appellant in a better position than the relief appellant requests, namely, that this court remands the case for new post-trial processing. Accordingly, to protect the interests of justice and to promote judicial economy, we will order a new recommendation and action without ruling on the issue of ineffective assistance of counsel. *See United States v. Starks*, 36 M.J. 1160, 1164 (A.C.M.R. 1993) (citing *United States v. Spurlin,* 33 M.J. 443 (C.M.A. 1991)); *see also United States v. Sosebee*, 35 M.J. 892 (A.C.M.R. 1992). Appellant shall have full opportunity to submit matters to the convening authority upon remand in accordance with Rule for Courts-Martial 1105.

*2. Other Assignments of Error*

We determine appellant's other assignment of error, asserting an unreasonable multiplication of charges, lacks merit under the factors set forth in *United States v. Quiroz*, 55 M.J. 334, 338-39 (C.A.A.F. 2001), and does not warrant further discussion given the separation in "time, circumstance, and impulse" between appellant's acts of physical violence against AS. *Compare United States v. Rushing*, 11 M.J. 95, 98 (C.M.A. 1981); *United States v. Clarke*, 74 M.J. 627 (Army Ct. Crim. App. 2015). We also find those matters personally raised by appellant pursuant to *Grostefon*, 12 M.J. 431, other than his claim of ineffective assistance of counsel, lack merit.[*] In light of the remedy adjudged here and discussion above, we do not rule on the ineffective assistance of counsel claim in appellant's *Grostefon* submission.

---

[*] We note there is significant overlap between appellant's assigned errors and two of the respective matters he raises pursuant to *Grostefon*.

3

**CONCLUSION**

The convening authority's initial action, dated 17 June 2014, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate recommendation and new action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ. Appellant will also receive a newly-appointed defense counsel to assist with the preparation of his clemency matters.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court