# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant ISAAC L. BOYKIN**
**United States Army, Appellant**

ARMY 20160136

Headquarters, U.S. Army Maneuver Support Center of Excellence
Rebecca K. Connally, Military Judge (arraignment)
Jeffery R. Nance, Military Judge (trial)
Colonel Charles T. Kirschmaier, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Patrick J. Scudieri, JA (on brief); Captain Joshua B. Fix, JA.

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA; Captain Tara O'Brien Goble, JA (on brief).

12 June 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of sexual assault, one specification of abusive sexual contact, and four specifications of assault consummated by a battery, in violation of Articles 120 and 128 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928 (2012 & Supp. I 2014) [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge and confinement for five years. The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one issue that merits discussion, but no relief.[1] We have also considered the matters personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and conclude they do not warrant relief.

## BACKGROUND

The charged offenses arose from appellant assaulting his spouse on two different days. Appellant asserts Specifications 1 and 3 of Charge II and Specifications 4 and 5 of Charge II constitute an unreasonable multiplication of charges as they were based on the same acts arising from assault of his spouse.

Specifications 1 and 3 of Charge II arise from an argument in April 2014 between appellant and his spouse. Appellant dragged his spouse into their bedroom by her legs. Inside the bedroom, appellant struck his spouse in the face, straddled her, and proceeded to strangle her.

Specifications 4 and 5 of Charge II arise from another argument in September 2014 between appellant and his spouse. Appellant struck his spouse's head on the ground and carried his spouse into their house. Inside, he dragged his spouse down steps by the hair and strangled her.

### Military Judge's Ruling on Motion to Dismiss for Unreasonable Multiplication of Charges

Appellant preserved the issue on appeal by filing a motion for unreasonable multiplication of charges. The military judge merged Specifications 1 and 3 and 4 and 5 of Charge II for *sentencing*.

On appeal, appellant asserts the military judge also merged Specifications 4 and 5 for *findings* and the promulgating order is incorrect. Appellant requests the court correct the record by merging Specifications 4 and 5 and dismissing

---

[1] Appellant withdrew an assignment of error asserting appellant was denied his constitutional right to counsel. After extensive briefing by the parties and the court scheduling oral argument on the issue, the court granted the government's motion to attach documents missing from the record of trial. The documents included a scope of representation form signed by appellant that explained the attorney-client relationship could be terminated by the defense attorney's demobilization from active duty. Although they were referenced as an enclosure to the detailed Trial Defense Attorney's (TDS) motion to withdraw, they were not actually included in the record or trial. Appellant subsequently withdrew this assignment of error and request for oral argument, and we granted both motions.

Specification 5.  The record provides some support for appellant's argument.  The military judge stated:

> With respect to Charge II, Specifications 1 through 3 being multiplicious with each other I denied that. Alternatively, as being an unreasonable multiplication of charges for *sentencing*, I granted that with the stipulation that, obviously, if we do not get to a sentencing phase on that or any other charges or specifications, then, obviously, that does not apply. (emphasis added)

> With respect to Charge II, Specification 4 being multiplicious with Charge II, Specification 5, I denied that. And alternatively, as being an unreasonable multiplication of charges for *findings*, I granted that with the same proviso as previously stated. (emphasis added)

The government argues that the military judge misspoke when he said the specifications would be merged for "findings" versus "sentencing."  We considered ordering a copy of the actual trial recording for the parties to determine if the military judge actually said "findings" or "sentencing."  However, a review of the record clarifies the military judge's ruling that the Specifications were *not* merged for findings. We find the government's argument persuasive for several reasons.

First, the military judge made this ruling prior to announcing findings.  It makes little sense to merge specifications for findings prior to determining guilt.

Second, it is difficult to see how, pre-findings, an assault consummated by a battery offense and an aggravated assault could be merged into a coherent specification.

Third, when considering the military judge's ruling in relation to his ruling on Specifications 1 and 3, it is clear the "proviso" he was referring to only involved sentencing.  The military judge ruled that Specification 4 and 5 were not multiplicious.  *See United States v. Campbell*, 71 M.J. 19 (C.A.A.F. 2012) (discussing the terms "multiplicity" versus "unreasonable multiplication of charges").  A review of the record further supports the parties understood the military judge's ruling at the time.

Fourth, it appears even the parties did not view the offenses as merged. During closing arguments, defense counsel argued the evidence and offenses separately for Specifications 4 and 5:

> Then we move to the first of what I will describe is her allegations of two very violent incidences, Specification 5 of Charge II , what I 'll describe as the kitchen sink Charge. . . And then we get to Specifications 1 and 4, the strangulations.

Finally, the military judge never, in fact, merged the specifications on the record. When the military judge announced the findings, he did not merge Specification 4 and 5, and in fact announced separate findings for both offenses. *See generally United States v. Trew*, 68 M.J. 364 (C.A.A.F. 2010). Appellant did not raise any objections to the findings and did not request for the military judge to merge Specifications 4 and 5. When appellant filed his Rule for Courts-Martial [hereinafter R.C.M.] 1105 and 1105 post-trial matters, he did not assert any legal error in the announced findings by the military judge.

Considering the entire record, it is clear that the military judge did not merge Specifications 1 and 3 and Specifications 4 and 5 of Charge II for findings. As such, we will determine if the military judge erred in this ruling.

## LAW AND DISCUSSION

A military judge's decision to deny relief for unreasonable multiplication of charges is reviewed for an abuse of discretion. *United States v. Pauling*, 60 M.J. 91, 95 (C.A.A.F. 2004); *see also United States v. Quiroz*, 55 M.J. 334, 338-39 (C.A.A.F. 2001). After reviewing the entire record, we do not find an abuse of discretion in denying appellant's motion to dismiss or merge Specifications 1 and 3 and Specifications 4 and 5 of Charge II for findings. We find no error that materially prejudiced a substantial right of the appellant. *See* UCMJ art. 59(a).

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." R.C.M. 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *Campbell*, 71 M.J. at 23 (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001)). Generally, the unit of prosecution for assaults incorporates "an interrupted attack compromising touching united in time, circumstances, and impulse." *United States v. Clarke*, 74 M.J. 627, 628 (Army Ct. Crim. App. 2015) (citing *United States v. Rushing*, 11 M.J. 95, 98 (C.M.A. 1981).

In *Quiroz*, our superior court listed five factors to help guide our analysis of whether charges have been unreasonably multiplied. In applying the *Quiroz* factors in this case, they do not balance in favor of appellant. Appellant has satisfied the first factor since he raised the issue of unreasonable multiplication of charges at trial.

Second, the specifications alleging assaults with force likely to produce grievous bodily harm (the military judge found appellant guilty of the lesser-included offense of assault consummated by a battery) and the assaults consummated by battery (as charged) do not constitute an unreasonable multiplication of charges because they involve distinctly separate criminal acts. *United States v. Paxton*, 64 M.J. 484, 491 (C.A.A.F. 2007). Although they occurred close in time and proximity, the gravamen of the aggravated assault specifications was the strangulation of his spouse.[2] The gravamen of the assaults consummated by a battery specifications included appellant banging his spouse's head on the ground, shaking her, striking her in the face, and dragging her by the hair.

Regarding the last three factors, given the extent of appellant's criminal conduct and the military judge merging the specifications for sentencing—thus limiting appellant's punitive exposure—the number of charges and specifications neither misrepresents nor exaggerates his criminality nor unreasonably increases his punitive exposure. We see no evidence of prosecutorial overreaching or abuse in the drafting of the charges because the government simply charged appellant based on each separate, distinct criminal act he committed. The charges as drafted separated the aggravated assaults from the other assault consummated by a battery offenses.

Under these facts, we find that Specifications 1 and 3 and Specifications 4 and 5 of Charge II do not constitute an unreasonable multiplication of charges.

## CONCLUSION

The findings of guilty and sentence are correct in law and fact and are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] The military judge excepted the language "strangulation" and "likely to produce grievous bodily" harm but found appellant guilty of the underlying battery of "grabbing her around the neck with his hands."

5