# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

_____

No. 201600383

_____

## UNITED STATES OF AMERICA
Appellee

v.

## ERICSON J. GERONIMOHERNANDEZ
Information Systems Technician (Submarines) Third Class (E-4),
U.S. Navy
Appellant

_____

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Ann K. Minami, JAGC, USN.
Convening Authority: Commander, Navy Region Northwest,
Silverdale, WA.
Staff Judge Advocate's Recommendation: Lieutenant Commander
Justin L. Hawks, JAGC, USN.
For Appellant: Commander Brian L. Mizer, JAGC, USN.
For Appellee: Captain Brian L. Farrell, USMC; Lieutenant James
M. Belforti, JAGC, USN.

_____

Decided 26 April 2018

_____

Before MARKS, JONES, and WOODARD, *Appellate Military Judges*

_____

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

_____

MARKS, Senior Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of a single specification each of indecent recording and wrongful possession of child pornography in violation of Articles 120c and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920c and 934

(2012). The military judge awarded four years' confinement, reduction to pay grade E-1, and a bad-conduct discharge. Pursuant to a pretrial agreement (PTA), the convening authority (CA) deferred and then waived for a period of six months the automatic forfeitures. The CA approved the remaining sentence as adjudged and, except for the punitive discharge, ordered it executed.

The appellant asserts two assignments of error (AOE). First, the military judge erred when she considered an affidavit about the Navy's Sex Offender Treatment Program (SOTP) stating that a sentence of at least 45 months' confinement was necessary for enrollment in the program and then sentenced the appellant to 48 months. Second, the appellant received ineffective assistance of counsel when his trial defense counsel (TDC) argued the military judge should fashion her sentence around the SOTP affidavit, a collateral matter.

After carefully considering the pleadings and the record of trial, we find no error materially prejudicial to the substantial rights of the appellant and affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant pleaded guilty to indecent visual recording and possession of child pornography. He surreptitiously recorded his 15-year-old half-sister in her bedroom after she took a shower. Using frames of the video, the appellant created and saved four still images of her while she was naked. Additionally, the appellant admitted to possessing approximately 1,000 images and 20 videos of child pornography.

As a provision of the PTA, the CA agreed to recommend the appellant's placement at Naval Consolidated Brig (NCB) Miramar, "which is a military facility with a non-violent sex offender treatment program, to serve the period of confinement."[1] During the providence inquiry, the military judge asked the appellant, "[i]s this a provision that you requested to be in your pretrial agreement?"[2] The appellant replied that it was, and he acknowledged that he understood that the CA would recommend his placement at NCB Miramar.

The appellant's struggle with pornography addiction and his desire for help were central themes of his presentencing case. TDC presented two exhibits about the SOTP at NCB Miramar. The first exhibit was an affidavit from the Clinical Services Director at NCB Miramar and Senior Clinician for

---

[1] Appellate Exhibit (AE) I at 5.

[2] Record at 52.

Navy Corrections. The affidavit provided detailed information about the SOTP at NCB Miramar, including the entry criteria.[3] A table imbedded in the affidavit indicated that a sentence of 45 months' confinement or more was necessary to complete the SOTP. An individual with a sentence of 30 to 45 months' confinement would have to agree to hold earned time and/or good conduct time in abeyance in order to complete the program. The second exhibit was a scholarly article entitled "Navy Sex Offender Treatment: Promoting Community Safety."[4]

In his unsworn statement, the appellant told the military judge:

> I've been struggling with, like, a porn addiction. . . . I choose my behavior. I regret that I did it, but I don't want to do it anymore. That's what I told my lawyer to probably get a program for sex offender might probably help me. . . . I looked into programs over here in Washington while this process was going on for porn addiction and sex addiction and all this stuff. I wasn't too successful, it was pretty hard to find, but when my lawyer told me about the program in Miramar, I said, "well, that's—that's—that's a good option."[5]

In his sentencing argument, TDC emphasized the appellant's "sickness" and "weakness."[6] He invited the military judge's attention to the entry criteria for the SOTP in the affidavit and the journal article, assured the military judge of the appellant's willingness to participate in the program, and argued that 36 months was an adequate sentence to complete the program. As previously stated, the military judge adjudged a sentence including four years' confinement.[7]

## II. DISCUSSION

### A. Military judge's consideration of defense affidavit about SOTP

In his first AOE, the appellant argues that the military judge erred when she considered defense exhibits about the SOTP at NCB Miramar in her sentencing deliberations.

---

[3] Defense Exhibit (DE) D at 3.

[4] DE E. Tina M. Marin and Deborah L. Bell, *Navy Sex Offender Treatment: Promoting Community Safety*, CORRECTIONS TODAY (Dec. 2003) at 84.

[5] Record at 64-65.

[6] *Id.* at 74-75, 77-81.

[7] The appellant's PTA suspended any confinement in excess of 48 months. AE II at 1.

We review a military judge's consideration of sentencing factors under an abuse of discretion standard. *United States v. Green*, 64 M.J. 289, 292 (C.A.A.F. 2007) (citing *United States v. McDonald*, 55 M.J. 173, 178 (C.A.A.F. 2001)).

Through his unsworn statement, an affidavit, and a scholarly article, the appellant presented evidence about his struggle with pornography, his desire for treatment, and the SOTP at NCB Miramar as matters in extenuation and mitigation.

### 1. Collateral matters

The availability of treatment and rehabilitation programs in confinement facilities and the time needed to complete them are among the collateral matters "normally off limits" to military judges and members considering an appropriate court-martial sentence. *United States v. Flynn*, 28 M.J. 218, 221 (C.M.A. 1989) (citing *United States v. Lapeer*, 28 M.J. 189 (C.M.A. 1989)) (additional citation omitted). Our superior court has not held that "all evidence of service-rehabilitation programs is per se inadmissible at courts-martial[,]" but "the details of these programs need not be generally admitted as a sentence concern." *United States v. Rosato*, 32 M.J. 93, 95 (C.M.A. 1991) (citation omitted). The rationale for excluding such collateral matters is "to prevent 'the waters of the military sentencing process' from being 'muddied' by 'an unending catalogue of administrative information.'" *Id.* at 96 (quoting *United States v. Quesinberry*, 31 C.M.R. 195, 198 (C.M.A. 1962)). Instead, "the proper focus of sentencing is on the offense and the character of the accused, [RULE FOR COURTS-MARTIAL] 1001(b)-(c)[.]" *United States v. Talkington*, 73 M.J. 212, 216 (C.A.A.F. 2014) (citing RULE FOR COURTS-MARTIAL (R.C.M.) 1001, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.)).

Relying on our decision in *United States v. Goldberg*, No. 200601093, 2007 CCA LEXIS 8, unpublished opinion, (N-M. Ct. Crim. App. 24 Jan 2007), the appellant argues that "[t]his Court has previously determined the availability of SOTP to be impermissible collateral matter inadmissible under R.C.M. 1001."[8] Petty Officer Goldberg pleaded guilty to receiving, possessing, and distributing child pornography and admitted to soliciting approximately 700 images and 70 videos depicting child pornography. *Id.* at *2. The government submitted a stipulation of expected testimony from a doctor as presentencing evidence in aggravation. *Id.* at *3. The stipulation included the doctor's opinion:

---

[8] Appellant's Brief of 8 Mar 2017 at 7.

that sex offenders, including those who receive, possess and distribute child pornography, require a minimum of 48 months of confinement in order to complete the military sex offender treatment program due to good time reducing the time they spend in confinement. In addition, the expected testimony contained the opinion that eight or more years of confinement is the optimal sentence for a sex offender because it gives the offender time to complete the treatment program and have additional time in confinement to allow their symptoms to relapse prior to being paroled.

*Id.* at *3. In *Goldberg*, we noted that "the stipulated testimony concerned collateral matters and, therefore, was not appropriate sentencing evidence." *Id.* at *8. "The availability of child sex offender treatment programs is a collateral matter that should not be presented *in aggravation* for consideration in determining a proper sentence, unless presented in rebuttal." *Id.* (emphasis added) (citing *Lapeer*, 28 M.J. 189; *Flynn*, 28 M.J. 218; *United States v. Murphy*, 26 M.J. 454 (C.M.A. 1988); *United States v. Griffin*, 25 M.J. 423 (C.M.A. 1988); *United States v. Pollard*, 34 M.J. 1008 (A.C.M.R. 1992), *rev'd on other grounds*, 38 M.J. 41 (C.A.A.F. 1993)). "Second, administrative confinement reduction procedures such as good time and parole are collateral matters that should not be considered in reaching an appropriate sentence." *Id.* at *9 (citing *United States v. McNutt*, 62 M.J. 16, 20 (C.A.A.F. 2005)).

In the case before us, the defense—not the government—submitted the evidence of the time required to complete an SOTP. This is an important distinction. To the extent the appellant claims there was error in admitting the SOTP evidence he presented, he invited it. An "[a]ppellant cannot create error and then take advantage of a situation of his own making" on appeal. *United States v. Raya*, 45 M.J. 251, 254 (C.A.A.F. 1996) (citing *United States v. Johnson*, 26 F.3d 669, 677 (7th Cir. 1994) ("A party may not 'invite' error and then argue on appeal that the error for which he was responsible entitles him to relief.")). *See also United States v. Martin*, 75 M.J. 321, 325 (C.A.A.F. 2016) ("Although it is inadmissible, we will not find reversible error from the introduction of human lie detector evidence at trial when the accused invites its admission.").

As to whether the military judge improperly considered collateral matters in the evidence, "[m]ilitary judges are presumed to know the law and to follow it absent clear evidence to the contrary." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)).

## 2. *Sentence severity as evidence of improper consideration*

Clear evidence to the contrary existed in *Goldberg* but does not exist in the case before us. In *Goldberg*, the government's stipulation of expected testimony recommended not less than 48 months' confinement but "optimally eight or more years of confinement." 2007 CCA LEXIS 8 at *10. In announcing his sentence, the military judge said, "it is my duty, as military judge, *to reluctantly sentence you* as follows[,]" and then he awarded ten years' confinement. *Id.* (emphasis in original). Our court noted that ten years "far exceed[ed]" the amount of confinement typically adjudged in similar and even more serious cases. *Id.* at *10-11. "[T]he severity of the adjudged sentence, combined with the military judge's own words, convince[d] us that the military judge considered inappropriate information in determining the appellant's sentence." *Id.* at *10.

In contrast, here we have neither expressions of reluctance from the military judge nor an excessive sentence. The appellant asserts that his four-year sentence "'far exceeds what is typically adjudged'" and "is a draconian punishment for the non-contact offenses at issue in this case."[9] As comparison, the appellant offers four cases with sentences of two years of confinement or less for one or two specifications of child pornography possession. Such cases are inapposite. In addition to possessing a relatively large amount of child pornography, the appellant hid a camera in his 15-year-old half-sister's bedroom while she was in the shower so he could record her disrobing and dressing in her room after her shower. Using the video footage, he created four still images in order "to have stable visual depictions of [her] nude body to increase the sexual gratification [he] had experienced from the fleeting video images."[10] Even in light of his half-sister's request that the military judge spare him incarceration,[11] the appellant has failed to demonstrate that his sentence of four years is excessive. The maximum confinement for indecent recording in violation of Article 120c, UCMJ, is five years—in addition to the maximum of ten years' confinement for the child pornography the appellant possessed.

---

[9] Appellant's Brief at 8-9 (quoting *Goldberg*, 2007 CCA LEXIS 8 at *11-12).

[10] PE 1 at 2.

[11] DE C.

Finding no clear evidence to the contrary, we presume the military judge did not consider inappropriate collateral matters in formulating her sentence.

## B. Ineffective assistance of counsel

The appellant also contends that he received ineffective assistance of counsel when his TDC argued the military judge should fashion her sentence around a collateral matter.

"To establish ineffective assistance of counsel, 'an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice.'" *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (quoting *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "In reviewing for ineffectiveness, [we look] 'at the questions of deficient performance and prejudice de novo.'" *Id.* (quoting *United States v. Gutierrez*, 66 M.J. 329, 330-31 (C.A.A.F. 2008)). "The burden on each prong rests with the appellant challenging his counsel's performance." *United States v. Davis*, 60 M.J. 469, 473 (C.A.A.F. 2005).

### 1. *Counsel's performance*

Counsel enjoy a presumption that they "'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *United States v. Akbar*, 74 M.J. 364, 371 (C.A.A.F. 2015) (quoting *Strickland*, 466 U.S. at 689, 690) *cert. denied*, 137 S. Ct. 41 (Oct. 3, 2016). Additionally, appellate courts "are constrained by the principle that strategic choices made by trial defense counsel are 'virtually unchallengeable' after thorough investigation of the law and the facts relevant to the plausible options." *Id.* (quoting *Strickland*, 466 U.S. at 690-91).

The record in this case reveals that TDC researched the SOTP program at NCB Miramar, consulted with at least one clinician there, secured the appellant's consent to pursue the treatment, negotiated for the CA's recommendation to place the appellant at NCB Miramar, and constructed his sentencing argument around the appellant's suitability and amenability to the program. TDC clearly made a strategic decision to present matters in extenuation and mitigation that were inextricably intertwined with collateral matters of SOTP availability and timelines. In weighing the presentation of collateral matters against the extenuation and mitigation value of the appellant's openness to treatment, we accord the highest levels of deference to the TDC's professional judgment.

But there is no need to delve more deeply into the adequacy and reasonableness of TDC's assistance and judgment if they did not result in prejudice to the appellant.

*2. Prejudice*

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697. *See also United States v. Captain*, 75 M.J. 99, 103 (C.A.A.F. 2016).

To demonstrate sufficient prejudice, an appellant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of ineffective assistance of counsel during sentencing, a different result is a lesser sentence. *Captain*, 75 M.J. at 103.

The appellant argues there is "a reasonable probability that [he] would have been sentenced to substantially less than four years in prison had his [TDC] not centered his argument on a table suggesting forty-five months of confinement was sufficient for SOTP."[12] In support, he offers the four cases of child pornography possession with sentences of two years or less cited in the previous section. As for the charge of indecent recording, the appellant asserts that the comparable charge is often a misdemeanor. He cites four state cases in which he claims the defendants were convicted of misdemeanor "video voyeurism."[13] Review of those cases undermines the appellant's argument. In the cases cited by the appellant, surreptitiously recording an adult was a misdemeanor. But two of the cases cited involved minor victims, and recording the minors without consent was a felony. The appellant has failed to demonstrate that, but for his TDC's presentation of collateral matters, the military judge would have awarded a sentence to confinement for less than four years.

Without a showing of prejudice, the appellant's claim that his TDC was ineffective is without merit.

---

[12] Appellant's Brief at 10 (citation omitted).

[13] *Id*. at 11.

### III. CONCLUSION

The findings of guilty and the sentence, as approved by the CA, are affirmed.

Judge JONES and Judge WOODARD concur.

For the Court

R.H. TROIDL
Clerk of Court