# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, PENLAND, and SCHLACK
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist XZAVIOR D. JONES**
**United States Army, Appellant**

ARMY 20230382

Headquarters, Fort Campbell
John R. Maloney, Military Judge
Colonel Jason A. Coats, Staff Judge Advocate

For Appellant: Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Mitchell D. Herniak, JA; Major Patrick J. Cashman, JA (on brief); Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Robert D. Luyties, JA; Major Patrick J. Cashman, JA (on reply brief).

For Appellee: Colonel Christopher B. Burgess, JA; Lieutenant Colonel Kalin P. Schlueter, JA; Captain Alex J. Berkun, JA (on brief).

13 March 2025

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SCHLACK, Judge:

By pleading guilty, appellant waived his complaint about unreasonable multiplication of charges. However, he merely forfeited plainly erroneous facial multiplicity, and we grant relief.

## BACKGROUND

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of assault consummated by a battery and one specification of aggravated assault by strangulation, both in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 [UCMJ]. In accordance

with the plea agreement, the military judge sentenced appellant to a bad-conduct discharge, five months of confinement,[1] and reduction to the grade of E-1.[2]

Immediately after entry of pleas, the military judge asked defense counsel whether appellant had any motions. Defense counsel responded, "No motions, Your Honor."

Appellant described his misconduct during the providence inquiry. Following a protracted verbal argument in his barracks room, appellant escalated it to physical violence by grabbing the victim's wrists with his hands when she would not provide him information he was demanding from her. When she still refused, appellant strangled her with one of his hands. During the providence inquiry, the military judge did not ask, and appellant did not elaborate, how much time elapsed between the assaults, but the record makes clear it was all part of the same physical altercation.[3]

The military judge found appellant guilty of both specifications. He then discussed appellant's plea agreement, which was silent on motions, and sentenced him accordingly.

## LAW AND DISCUSSION

Appellant now raises unreasonable multiplication of charges on appeal. We lack authority to address this as appellant waived the assigned error by pleading guilty. *United States v. Day*, 83 M.J. 53, 56 (C.A.A.F. 2022) ("We have held that [a]n unconditional guilty plea generally waives all defects which are neither

---

[1] Appellant was sentenced to five months of confinement for the strangulation specification and fourteen days of confinement for the assault, each sentence to run concurrently with the other.

[2] Pursuant to the same agreement, the government agreed to withdraw and dismiss two additional specifications of assault consummated by battery, in violation of Article 128, UCMJ, to ripen into prejudice upon completion of appellate review.

[3] Appellant described the strangulation occurring "shortly after" he grabbed the victim's wrist and during the same disagreement that led to the ongoing assault. The stipulation of fact, admitted into evidence pursuant to the plea agreement also indicates close temporal proximity between the two touchings: "[a]fter releasing her wrists, the [appellant] placed his hand around [the victim's] neck and applied pressure . . . ."

jurisdictional nor a deprivation of due process of law." (internal citations and quotations omitted) (alteration in original)).[4]

In light of *United States v. Malone*, __ M.J. __, 2025 CCA LEXIS 75, (Army Ct. Crim. App. 25 Feb. 2025), however, we must address constitutional multiplicity for findings. Though not raised by appellant, this court bears the responsibility of affirming only those convictions that are correct in law. UCMJ, art. 66(d). Given that responsibility, we hold it was error for the military judge to find appellant guilty of two Article 128, UCMJ, specifications.

"[W]aiver is the intentional relinquishment or abandonment of a known right." *United States v. Davis*, 79 M.J. 329, 331 (C.A.A.F. 2020) (internal citation omitted). Constitutional protections may be intentionally waived, *United States v. Gladue*, 67 M.J. 311, 314 (C.A.A.F. 2009), however, appellate courts apply a presumption against finding waiver of constitutional protections absent an affirmative showing by appellant. *United States v. Blackburn*, 80 M.J. 205, 209 (C.A.A.F. 2020) (internal citation omitted). As we held in *Malone*, in the absence of a "waive all waivable motions" clause in a plea agreement, it takes more than defense counsel simply stating "no motions" to affirmatively waive a challenge for multiplicity. 2025 CCA LEXIS 75, at *9-11.

Here, like *Malone*, we decline to find affirmative waiver for multiplicity. We next turn to the question of whether it was error for the military judge to accept appellant's plea to this species of facially duplicative specifications.

When assessing "multiplicity for the first time on appeal, courts review for plain error unless the appellant has waived the issue." *Id.* at *8 (internal citation omitted). To prevail under plain error review, appellant must demonstrate: "(1) there was error, (2) the error was plain and obvious, and (3) the error materially prejudiced a substantial right of the accused." *United States v. Jones*, 78 M.J. 37, 44 (C.A.A.F. 2018). "Where the error is constitutional . . . the government must show that the error was harmless beyond a reasonable doubt to obviate a finding of prejudice." *United States v. Tovarchavez*, 78 M.J. 458, 462 (C.A.A.F. 2019).

The Double Jeopardy Clause "prohibits multiple punishments 'for the same offense'" and thus, "multiplicious prosecutions, . . . i.e., when the government charges a defendant twice for what is essentially a single crime." *United States v.*

---

[4] This standard is well-established in both federal and military law. *See United States v. Rehorn*, 9 U.S.C.M.A. 487, 488-89, 26 C.M.A. 267, 268-69 (C.M.A. 1958) ("It is a fundamental principal of Federal criminal law that a plea of guilty waives all defects which are neither jurisdictional nor a deprivation of due process of law. Our earliest cases carried this rule over to military law . . . ." (internal citations omitted)).

*Forrester*, 76 M.J. 479, 484-85 (C.A.A.F. 2017) (quoting the U.S. Const. amend. V) (other citations and alterations omitted). Where appellant is charged for multiple violations of the same statute, appellant can demonstrate plain error "by showing that the specifications are facially duplicative, that is factually the same." *United States v. Heryford*, 52 M.J. 265, 266 (C.A.A.F. 2000) (quoting *United States v. Lloyd*, 46 M.J. 19, 23 (C.A.A.F. 1997)) (internal quotations omitted). To determine whether specifications are factually duplicative, courts look to the "language of the specifications and 'facts apparent on the face of the record.'" *Id.* "Whether two offenses are facially duplicative is a question of law that we will review de novo." *United States v. Pauling*, 60 M.J. 91, 94 (C.A.A.F. 2004). As summarized by the majority in *Malone*, assaults falling under Article 128, UCMJ:

> are a continuous course of conduct offense. When an assault, charged under either [Article 128(a), UCMJ, or Article 128(b), UCMJ], is "an uninterrupted attack comprising touchings 'united in time, circumstance, and impulse,'" the allowable unit of prosecution "is the number of overall beatings the victim endured rather than the number of individual blows suffered.

2025 CCA LEXIS 75, at *23 (quoting *United States v. Clarke*, 74 M.J. 627, 628 (Army Ct. Crim. App. 2015)).

Based on the principles set out in *Malone*, we find Specifications 1 and 2 of the Charge are facially multiplicious. Both touchings occurred within a short time, were instigated by a protracted argument, and were not interrupted by a break in time. "While the specifications may not be verbatim," i.e., identical, it is clear from the providence inquiry and the stipulation of fact that each specification "arose from an uninterrupted attack orchestrated by appellant." *Id.* at *24. Though not alleged by appellant, it was plain error for the military judge to accept his plea to both specifications. "The error was plain and obvious as the [two] specifications are facially duplicative, demonstrated . . . through appellant's providence inquiry . . . [and] [t]he error materially prejudiced appellant's constitutional rights against Double Jeopardy." *Id.* at *26.

This court holds broad discretion when reassessing sentences. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). Appellant was sentenced to fourteen days of confinement for the assault consummated by battery specification and five months of confinement for the strangulation specification, with the sentences for each running concurrently. Because we benefit from the segmented sentencing scheme imposed by the military judge, we are confident that the military

judge would have sentenced appellant to at least five months of confinement and reduction to the grade of E-1 for a consolidated specification.[5]

## CONCLUSION

Upon consideration of the entire record, Specifications 1 and 2 of The Charge are merged into a consolidated specification, numbered as Specification 1 of The Charge, to read as follows:

> In that [appellant], U.S. Army, did, at or near Fort Campbell, Kentucky, on or about 2 July 2022, commit an assault upon [the victim] by unlawfully strangling her by applying pressure to her neck with his hand, and did unlawfully grab [the victim] on the wrists with his hands.

The findings of guilty to Specification 1 of The Charge, as consolidated, and The Charge are AFFIRMED. The finding of guilty to Specification 2 of The Charge is SET ASIDE and that specification is DISMISSED. The corresponding segmented sentence to confinement for the now dismissed Specification 2 of the Charge is also SET ASIDE. Reassessing the sentence, the segment sentence to confinement for Specification 1 of The Charge is AFFIRMED, and the total sentence to a bad-conduct discharge, five months of confinement, and reduction to the grade of E-1, is AFFIRMED.

Senior Judge FLEMING concurs.

PENLAND, Judge, dissenting,

For brevity's sake I stand by my views in *Malone*. 2025 CCA LEXIS 75, at *47-50 (Penland, J., dissenting). "No motions" constitutes affirmative waiver and leaves us no multiplicity error to correct. I respectfully dissent.

FOR THE COURT:



/ JAMES W. HERRING, JR.
Clerk of Court

---

[5] The military judge was required to impose a bad-conduct discharge in accordance with the plea agreement.